## COLLIER *v.* UNITED STATES.

No. 695.   Argued March 24, 1966.—Decided April 19, 1966.

*Dean E. Denlinger,* by appointment of the Court, 382 U. S. 936, argued the cause and filed a brief for petitioner.

*Paul Bender* argued the cause for the United States, *pro hac vice,* by special leave of Court.   On the brief were *Solicitor General Marshall, Assistant Attorney General Vinson, Beatrice Rosenberg* and *Julia P. Cooper.*

PER CURIAM.

On March 24, 1965, a jury in a federal district court found petitioner guilty of violating the Mann Act, 18 U. S. C. § 2421 (1964 ed.), and a formal judgment was entered against him on the same day.   Nine days later,

on April 2, 1965, a new trial motion was filed by petitioner's counsel alleging various errors at trial. Since Fed. Rule Crim. Proc. 33 expressly requires that a new trial motion not based on newly discovered evidence be filed within five days of the verdict, petitioner's motion was untimely and the District Court denied it on April 5, 1965. On April 12, 1965, seven days after the denial of the motion and 19 days after the judgment, petitioner through counsel filed a notice of appeal from his conviction. The Court of Appeals for the Sixth Circuit dismissed the appeal as untimely, a ruling in accord with the views of several other circuits but in conflict with those of the Tenth Circuit. Compare, *e. g.*, *United States* v. *Bertone,* 249 F. 2d 156 (C. A. 3d Cir.), with *Smith* v. *United States,* 273 F. 2d 462 (C. A. 10th Cir.). Treating petitioner's petition for mandamus as one for a writ of certiorari, we granted certiorari, 382 U. S. 890, to consider the timeliness question, left open in *Lott* v. *United States,* 367 U. S. 421, 425. We reverse the Court of Appeals and remand the case to allow petitioner's appeal to be heard.

Federal Rule of Criminal Procedure 37 (a)(2), entitled "Time for Taking Appeal," provides in relevant part that "[a]n appeal by a defendant may be taken within 10 days after entry of the judgment or order appealed from, but if a motion for a new trial or in arrest of judgment has been made within the 10-day period an appeal from a judgment of conviction may be taken within 10 days after entry of the order denying the motion." Plainly petitioner's appeal was timely if this Rule is literally read since the appeal was filed within 10 days after denial of a new trial motion itself filed within 10 days of the judgment of conviction. To the contrary, the Government argues that a new trial motion, not based on newly discovered evidence, filed more than five days

after the verdict and so destined to be rejected as untimely under Rule 33 should not serve to give defendant an extension of time to appeal since there is no possibility the appeal will be avoided by a grant of the motion. Further support is found by the Government in a number of courts of appeals' decisions adopting this view, in the history of Rule 37 (a)(2), and in a very recent amendment to that Rule which plainly adopts the Government's basic approach for the future.*

We believe competing interests outweigh the Government's arguments. The literal language of Rule 37 (a)(2) sustains petitioner and even a perceptive reading of Rules 33 and 37 (a)(2) together would not dispel all doubt. A criminal appeal is at stake and under Fed. Rule Crim. Proc. 45 (b) the period for taking it may not be extended, while the rare and relatively brief delay in appeal allowed by petitioner's construction causes very little injury to the Government. In these circumstances a reading that departs from the literal terms of Rule 37 (a)(2) by constricting the opportunity to appeal seems to us inappropriate. Because of our disposition we need not consider a suggestion by the Government, apparently not made to or passed on by the Court of Appeals in this case but first tentatively raised after the

---

*The amendment, approved by the Court on February 28, 1966, and absent disapproval by Congress effective on July 1, 1966, pertinently provides: "If a *timely* motion in arrest of judgment or for a new trial on any ground other than newly discovered evidence has been made, an appeal from a judgment of conviction may be taken within 10 days after the entry of the order denying the motion." (Emphasis added.) Thus the effect of the amendment is to embrace prospectively the Government's view of the interrelationship between Rules 33 and 37 (a)(2). A contemporaneous amendment to Rule 33 would extend the time for filing a new trial motion from five to seven days.

grant of certiorari and only later pressed upon us in oral argument, that on the present facts a motion for bail bond filed by petitioner nine days after his conviction may do unintended service as a notice of appeal.

*Reversed and remanded.*

MR. JUSTICE BLACK concurs in the Court's judgment for the reasons stated in the opinion of the Court of Appeals for the Fifth Circuit in *O'Neal* v. *United States,* 272 F. 2d 412.