UNITED STATES of America, Plaintiff-Appellee,

v.

Merle R. WHITAKER, Defendant-Appellant.

No. 83–5207
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Jan. 16, 1984.

**1534**

Charles W. Musgrove, West Palm Beach, Fla., for defendant-appellant.

Ken Lipman, Asst. U.S. Atty., Stanley Marcus, U.S. Atty., Linda Collins Hertz, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

Merle R. Whitaker was convicted of conspiracy to commit wire fraud and six counts of filing fraudulent reports by wire. He was sentenced to one year on each count to run concurrently and fined $1,000. The judgment was entered on the docket on February 23, 1982. Whitaker filed his notice of appeal on March 10, 1982.

█ Fed.R.App.P. 4(b) provides that a notice of appeal in a criminal case must be filed "within 10 days after entry of the judgment or order appealed from." Failure to file a timely notice of appeal leaves the appellate court without jurisdiction. *United States v. Shillingford,* 568 F.2d 1106, 1107 (5th Cir.1978). Whitaker's notice of appeal was filed on March 10, fifteen days after the February 23rd entry of the judgment on the docket. This would be out of time to give this Court jurisdiction to hear his direct criminal appeal.

Rule 4(b) does authorize an extension of time for thirty days upon a showing to the district court that the failure to file resulted from excusable neglect. In criminal cases, this Court has customarily treated a late notice of appeal, filed within thirty days during which an extension is permissible, as a motion for extension of time. *See United States v. Ward,* 696 F.2d 1315 (11th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 2101, 77 L.Ed.2d 308 (1983).

█ We could remand to the district court for an excusable neglect determination. There is no explanation for failure to file the formal notice of appeal until March 10, other than an inference of ignorance or inadvertence of counsel. The government has not raised the issue and we assume would not oppose a finding of excusable neglect by the district court, if for no other reason than to avoid a later contention of ineffective counsel. Rather than following this course, however, we will treat the motion for release pending appeal as the requisite jurisdictional notice under Rule 4(b). The record reflects a clear intent to appeal. The defendant immediately filed a written motion for release pending appeal. The district court entered an order on February 23, based upon an "oral agreement between counsel for the government and the defendant made in open court at the time of sentencing," that the defendant could remain at large pending disposition of his appeal.

We have held sufficient a letter written to the district court expressing an intent to appeal and requesting the appointment of an attorney. *United States v. Ward,* 696 F.2d at 1318. An "Appeal Bond" signed by defendant and approved by the judge has been accepted as a notice of appeal. *O'Neal v. United States,* 272 F.2d 412 (5th Cir. 1959). Enumerating a list of actions which we have considered to be a sufficient notice of appeal, we have held that courts of appeal clearly have discretion to disregard irregularities in the form or procedure for filing a notice of appeal. *Cobb v. Lewis,* 488 F.2d 41 (5th Cir.1974). Deciding a case on other grounds, the Supreme Court has held it did not need to consider whether a motion for bail "may do unintended service as a notice of appeal." *Collier v. United*

*States,* 384 U.S. 59, 62, 86 S.Ct. 1253, 1254, 16 L.Ed.2d 353 (1966). Exercising the discretion reposed in the court, we hold that on the facts of this case the written motion for release pending appeal satisfies the notice of appeal requirements of Rule 4(b), and that we have jurisdiction of this case.

■ As to the merits, Whitaker claims a violation of his right to a speedy trial under 18 U.S.C.A. § 3161 *et seq.,* when his case was called with two others for jury selection on the seventieth day after his indictment. That was on January 4. The jury then selected was sworn on January 6 and the trial was concluded on January 7.

Although the government makes various arguments, including an assertion that excludable time brought January 6 within the 70-day period provided by the statute, we find that even on the basis of the facts stated by defendant the case is due to be affirmed under the authority of *United States v. Gonzalez,* 671 F.2d 441 (11th Cir.), *cert. denied,* 456 U.S. 994, 102 S.Ct. 2279, 73 L.Ed.2d 1291 (1982). "We hold that, for the purposes of the Act, a jury trial 'commences' when the court begins *voir dire.*" *Id.* at 443. Here the *voir dire* began within the 70-day period defined by defendant.

*Gonzalez* recognizes that the Act may not be evaded by commencing *voir dire* within the prescribed time limits and then taking a prolonged recess before the jury is sworn and testimony begun. There was no prolonged recess here but only a two-day interval until the jury was sworn with testimony beginning on the third day.

AFFIRMED.