**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**David. Larry JURN,
Defendant-Appellant.**

No. 84–3682.

United States Court of Appeals,
Eleventh Circuit.

July 22, 1985.

David A. Hoines, Fort Lauderdale, Fla., for defendant-appellant.

Garry A. Stegeland, Asst. U.S. Atty., Orlando, Fla., for plaintiff-appellee.

Before HENDERSON and CLARK, Circuit Judges, and TUTTLE, Senior Circuit Judge.

ALBERT J. HENDERSON, Circuit Judge:

David Jurn was indicted and convicted in the United States District Court for the Middle District of Florida for conspiring to possess and possessing cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 2. The primary issue on this appeal from that conviction is whether the district court erred in denying Jurn's motion to dismiss the indictment for failure to comply with the Speedy Trial Act (Act), 18 U.S.C. § 3161, et seq. Finding no reversible error, we affirm the judgment of conviction.

Jurn was initially indicted on September 15, 1982. This indictment was dismissed upon the government's motion on November 22, 1982. On March 21, 1984, he was reindicted for the same offenses. Trial began July 18, 1984. Citing this sequence of events, Jurn claims that the indictment should have been dismissed because more than seventy days elapsed between its return and his trial, as mandated by 18 U.S.C. § 3161(c)(1).[1] At issue is the district court's calculation of excludable days as set forth in § 3161(h).

We begin our inquiry with the return of the first indictment. The district court found that Jurn was first indicted on September 15, 1982, the day the indictment was returned into court, and excluded that date in its computation. Jurn claims that he was indicted on September 14, 1982, and that September 15, 1982 is includable. Jurn concedes that the date of an indictment is not chargeable as one of the seventy days specified in the Act. *E.g., United States v. Severdija,* 723 F.2d 791, 793 (11th Cir.1984). But he urges that the determinative time is the date the grand jury handed down the indictment, which he says was September 14, 1982, rather than the date it was returned in open court. We reject this

---

**1.** Section 3161(c)(1) in relevant part provides:
   In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

argument for two reasons. § 3161(c)(1) itself provides, "[T]he trial shall commence within seventy days from the filing date (*and making public*) of the information or indictment. . . ." (Emphasis added.) Also, Fed.R.Crim.P. 6(f) stipulates that the indictment is not valid until it is returned in open court. Therefore, the district court correctly found that the speedy trial clock could not start to run until September 16, 1982.

At oral argument, Jurn's counsel agreed that the days from September 17 through September 20, 1982, were excludable because of the pendency of unspecified motions. § 3161(h)(1)(F). On September 21, 1982, Jurn filed a motion to modify his bond, which motion was granted on September 23, 1982.

■ Jurn next challenges the exclusion of September 24 through 28, 1982. The district court found that the September 16, 1982 discovery motion of Jurn's codefendant, Sturman, remained pending until it was impliedly granted by the magistrate on October 18, 1982. The delay caused by one defendant is excludable as to his codefendants. *E.g., United States v. Stafford*, 697 F.2d 1368, 1372 (11th Cir.1983). While recognizing this principle, Jurn contends that Sturman's motion was impliedly resolved by the magistrate's general discovery order of September 16, 1982. Examination of the docket and relevant motions and orders indicates the contrary. The district court's finding was not clearly erroneous. Therefore, September 24 through 28 were excludable under § 3161(h)(1)(F). Jurn further notes that no more than thirty days for any single motion may be excluded under this section and § 3161(h)(1)(J). This is correct, *United States v. DeLongchamps*, 679 F.2d 217, 220 (11th Cir.1982), but of no consequence here, given that the excluded days amount to less than thirty days from the date of the filing of Sturman's motion.

On September 29, 1982, Jurn filed discovery motions which were decided on October 18, 1982. In the meantime, on October 14, 1982, he filed motions to suppress evidence and to inspect the grand jury minutes which were denied on November 9, 1982. This latter order effectively disposed of all pending motions. Therefore, all the days between the date of the indictment on September 15, 1982 until November 9, 1982 are excludable under the Act. The eight days from November 10, 1982 through November 17, 1982 are chargeable against the time limits of § 3161(c)(1).

■ On November 18, 1982, a jury was selected and impaneled, but at the government's request was not sworn by the court. The next day, the district court granted the government's request for a three-day continuance until Monday, November 22, 1982. Finally, on that date, the court granted the government's motion for dismissal of the indictment without prejudice. Jurn argues that November 18, 19, 20 and 21, 1982 should not be excluded because "the Act may not be evaded by commencing voir dire within the prescribed time limits and then taking a prolonged recess before the jury is sworn and testimony begun." *United States v. Whitaker*, 722 F.2d 1533, 1535 (11th Cir.1984). *Whitaker* held that a two-day recess was not so protracted as to require the exclusion of those days. Without establishing any fixed rule based solely on the length of the delay or the number of days remaining, we note that under these circumstances the recess does not demonstrate an attempt to evade the seventy-day limitation, because only eight days had elapsed by the time the motion was filed. November 19 through 21, 1982 were therefore excludable. Because a trial is considered as commencing with the voir dire of the jury, November 18, 1982 also was excludable. *United States v. Gonzalez*, 671 F.2d 441 (11th Cir.1982). Jurn's further argument that the day of dismissal, November 22, 1982, was not excludable because such dismissals are absolutely within the discretion of the United States Attorney is frivolous. *United States v. Cowan*, 524 F.2d 504, 513 (5th Cir.1975), *cert. denied*, 425 U.S. 971, 96 S.Ct. 2168, 48 L.Ed.2d 795 (1976).

Following Jurn's reindictment, he made his first appearance on May 9, 1984 and was arraigned on May 23, 1984. He also filed several motions which were granted on the same date. Trial was scheduled for Monday, July 9, 1984. On that morning he moved for dismissal on speedy trial grounds. By that time, sixty-seven non-excludable days had elapsed. The district court denied the motion in an order filed after business hours on Friday, July 13, 1984. Jurn's trial was then scheduled for the following Wednesday. Because Jurn's July 9, 1984 motion disrupted the district court's trial calendar, and the judge could not know on July 9, 1984 the precise time that motion could be resolved, he had, sometime during the week of July 9, 1984, scheduled another case for trial for Monday, July 16, 1984. The other trial concluded on Tuesday, July 17, 1984, and Jurn's trial began the next day, despite his renewed motion to dismiss because of the added delay since his July 9, 1984 motion.

Jurn admits that the days from July 9 through July 13, 1984 are excludable because of his pending motion. But he urges that the four days between the district judge's Friday, July 13, 1984 ruling and the trial the following Wednesday must be charged against the Act's time limits. If these are includable, he notes, then his trial began on the seventy-second day.

■ We disagree with this unrealistic characterization of the delay caused by his eleventh hour speedy trial motion. Had the trial begun on July 16, 1984, which was the Monday following the court's Friday denial of his motion, only sixty-nine includable days would have elapsed. But another trial had been scheduled for July 16, 1984 and the court could not begin the voir dire in Jurn's case until the completion of that intervening trial. Because his own belated motion to dismiss created this scheduling conflict, he cannot now take advantage of the court's dilemma in protecting another defendant's speedy trial rights. It is also significant that except for Jurn's request that he be afforded as much notice as possible in the event of a denial of his

motion, his trial would have commenced on the sixty-ninth day. Rather than rendering its decision on the morning of Monday, July 16, 1984 the district court accommodated Jurn by furnishing him with the order on Friday evening, July 13, 1984 "[a]t the behest of the defendant and in order to allow the defendant as much notice of his status as possible...." R.Ex. 179. Had the court waited until Monday, July 16, 1984 to issue its decision, then July 14, 15, and 16, 1984 would have been excluded under § 3161(h)(1)(F). It ill becomes Jurn, who asked the district court to leave time between its ruling and the trial, to now complain that his trial did not follow immediately upon the denial of his motion.

We hold that July 14, 1984 through July 17, 1984 are, under these special circumstances, excludable as a "period of delay resulting from [a] proceeding concerning the defendant." § 3161(h)(1). That section expressly states it may be applied to situations other than those specifically described in subsections 3161(h)(1)(A) through (J). The four day delay during the weekend and the previously scheduled trial of another defendant resulted directly from the filing of the motion to dismiss, and hence is excludable under § 3161(h)(1).

We have reviewed Jurn's remaining assignment of error, that the district court improperly admitted into evidence a document proffered by the government, together with the applicable law pertaining thereto and find that it is without merit.

The judgment of the district court is AFFIRMED.