**Ezra Eli BORNTRAGER, Appellant,**

v.

**Alexander L. STEVAS, individually, and Joseph F. Spaniol, Jr., in his official capacity as Clerk of the Supreme Court of the United States,\* Appellees.**

No. 85–1295.

United States Court of Appeals, Eighth Circuit.

Submitted July 10, 1985.

Decided Aug. 30, 1985.

---

\* Alexander Stevas was succeeded in office as Clerk of the Supreme Court of the United States by Joseph F. Spaniol, Jr., on August 1, 1985. Therefore, while Mr. Stevas remains the defendant on claims against him individually, Mr. Spaniol is now the proper defendant on claims against the Clerk in his official capacity. Mr. Spaniol is therefore automatically substituted as a party appellee to the extent that a claim is made against the Clerk in his official capacity. See Fed.R.App.P. 43(c)(1).

Ezra Eli Borntrager, Kansas City, Mo., pro se.

Howard S. Scher, Dept. of Justice, Washington, D.C., for appellees.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

ARNOLD, Circuit Judge.

In this action the plaintiff, Ezra Eli Borntrager, a Missouri resident and attorney, complains that the Clerk of the Supreme Court of the United States illegally refused to accept and process his application for admission to the Supreme Court Bar. In submitting his application, the plaintiff refused on religious grounds to provide his social security number in the space reserved for that number on the application form. The defendant declined to process the application, informing the plaintiff that Rule 5.2 of the Supreme Court Rules required applicants to complete "the form approved by the Court." The plaintiff contends that the defendant's actions violated his rights under the First and Fifth Amendments of the Constitution and under § 7 of the Privacy Act of 1974, Pub.L. No. 93–579, 88 Stat. 1896, 1909 (codified at 5 U.S.C. § 552a note). The plaintiff asks for a writ of mandamus commanding the defendant to process his application and seeks to recover $6.1 million in actual and punitive damages against the defendant in his individual and official capacities.

The District Court[1] granted defendant's motion for summary judgment with respect to plaintiff's claims for mandamus and for damages against the defendant in his official capacity, and the defendant's motion to dismiss for lack of personal jurisdiction the damage claims against the defendant in his individual capacity. We affirm.[2]

Under 28 U.S.C. § 1361, mandamus may issue against an officer of the United States only when the plaintiff has a clear right to relief, the defendant has a clear duty to perform the act in question, and the plaintiff has no adequate alternative remedy. *Piledrivers' Local Union No. 2375 v. Smith*, 695 F.2d 390, 392 (9th Cir.1982). The District Court concluded that mandamus is unavailable here because the plaintiff has a fully adequate alternative remedy, a motion directed to the Supreme Court seeking review of the defendant's conduct. Although the Court recognized that no statute or rule expressly authorizes the Justices to conduct such a review, it reasoned that the Supreme Court's power over its clerks is inherent in the nature of the relationship between the two, pointing out that "it is the right and duty of the court ... to correct the irregularities of its officer and compel him to perform his duty." *Griffin v. Thompson*, 2 How. 244, 257, 43 U.S. 244, 11 L.Ed. 253 (1844). The District Court also observed that the defendant had stated in support of his motions that such a procedure was available to the plaintiff, and found that, given the defendant's position as Clerk of the Court, this statement should be accepted as authoritative. To this we would add that the Justices often engage in review of applications for admission to the Supreme Court Bar. See, *e.g.*, *In re Howard*, 53 U.S.L. Week 3907 (U.S. July 1, 1985). We agree with the District Court that the availability of this alternative remedy mandates denial of mandamus relief.[3]

---

1. The Hon. Ross T. Roberts, United States District Judge for the Western District of Missouri.

2. After examining the briefs and record, we have determined that they adequately present the facts and legal arguments and that the decisional process would not be significantly aided by oral argument. The letter objection of plaintiff to the Clerk's letter informing him that the case had been tentatively set for no-argument disposition, is therefore overruled. See 8th Cir.R. 10(d)(3).

3. In the unlikely event that the plaintiff seeks review by the Supreme Court of the defendant's conduct and it refuses to entertain his motion, a mandamus action by the plaintiff in some federal district court might become appropriate.

We also concur in the District Court's conclusion that the plaintiff failed to state a claim for damages against the defendant in his official capacity. As the District Court stated, a claim against the defendant in his official capacity is a claim against the United States, cognizable, if at all, only under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671 et seq. Under the FTCA, suit may not be instituted until a claimant has first presented his claim to the appropriate federal agency, and that agency has either denied the claim or failed to act upon it for six months. See 28 U.S.C. § 2675. The plaintiff concedes that he has not met this requirement, but argues that complying with it would be "futile." However, this requirement is jurisdictional, *Smith v. United States*, 588 F.2d 1209, 1211 (8th Cir.1978), and may not be waived, *Ducharme v. Merrill-National Laboratories*, 574 F.2d 1307, 1311 (5th Cir.), *cert. denied*, 439 U.S. 1002, 99 S.Ct. 612, 58 L.Ed.2d 677 (1978). Accordingly, summary judgment for the defendant on this claim was entirely appropriate.

Finally, we believe that the District Court was correct in dismissing the plaintiff's damages claim against the defendant as an individual for lack of personal jurisdiction over the defendant, a resident of Virginia who performs his official duties in Washington, D.C. The plaintiff asserts that the District Court had jurisdiction over the defendant under 28 U.S.C. § 1391(e)'s "nationwide venue" provisions or under Missouri's "long-arm" statute, Mo.Rev. Stat. § 506.500. The plaintiff's reliance on § 1391(e) is unjustified because the Supreme Court has explicitly held that § 1391(e) applies only to mandamus actions and not to suits for monetary relief against federal officials in their individual capacities, *Stafford v. Briggs*, 444 U.S. 527, 100 S.Ct. 774, 63 L.Ed.2d 1 (1980).

With respect to the assertion of jurisdiction under Missouri's long-arm statute, the District Court found that the defendant lacked sufficient contacts with Missouri to meet due-process requirements. The only specific contacts between the defendant and Missouri alleged by the plaintiff were a phone call from the defendant's deputy to the plaintiff and a letter from the defendant to the plaintiff; both of these actions came in response to defendant's application and related communications. We agree with the District Court that these contacts were insufficient to support the exercise of personal jurisdiction. See *Breiner Equipment Co. v. Dynaquip, Inc.*, 539 F.Supp. 204, 206 (E.D.Mo.1982) ("Neither use of the mails, telephone calls, nor unilateral activities on the part of the plaintiff ... is enough to subject the defendant to service of process in Missouri.").

Affirmed.