Thomas F. RAUSCHENBERG,
Plaintiff-Appellant,

v.

William WILLIAMSON,
Defendant-Appellee.

No. 85–8366.

United States Court of Appeals,
Eleventh Circuit.

April 2, 1986.

Ray C. Norvell, Sr., Decatur, Ga., for plaintiff-appellant.

Myles E. Eastwood, Asst. U.S. Atty., Atlanta, Ga., for defendant-appellee.

Before RONEY and HATCHETT, Circuit Judges, and NICHOLS *, Senior Circuit Judge.

HATCHETT, Circuit Judge:

In this appeal, we are urged to reverse a district court holding that special factors counsel against allowing a former parolee

* Honorable Philip Nichols, Jr., U.S. Circuit Judge for the Federal Circuit, sitting by designation.

to bring a *Bivens* action against his former parole officer for misrepresentations to the former parolee and for recommendations the parole officer made to the United States Parole Commission. We affirm.

Thomas F. Rauschenberg, the appellant, was convicted in 1975 of violating the Federal Controlled Substances Act and sentenced to a term of seven years imprisonment with three years special parole to follow the imprisonment. The United States Parole Commission paroled Rauschenberg in May or June, 1978, after he had served about forty months of his sentence.

Rauschenberg had served approximately seventeen months of his parole when William Williamson, his parole officer, recommended to the parole commission that a special condition of parole be imposed requiring mental health after-care treatment. In October 1979, the parole commission approved this recommendation. Rauschenberg did not present any objections to the special condition to the parole board; he accepted the addition to his parole conditions and signed the necessary consent forms. Rauschenberg asserts that he signed the forms because Williamson told him that he had no right to contest the decision to impose the special condition and because Williamson threatened to have his parole revoked if he did not accept the special parole condition. On October 26, 1979, Rauschenberg also signed a waiver of his right to take an administrative appeal of the mental health after-care condition. He asserts that he did so because Williamson threatened to have his parole revoked.

From November, 1979, to early 1980, Rauschenberg received mental health treatment at the South DeKalb Mental Health Center in DeKalb County, Georgia. He alleges that Williamson refused to allow him to withdraw his consent to the treatment or to withdraw his waiver of his appeal rights during this period.

In March, 1980, the parole commission revoked Rauschenberg's parole because of various violations of his parole conditions. He was returned to prison for several months and then in October, 1980, placed in a halfway house in Atlanta, Georgia. Re-parole was scheduled to become effective February 10, 1981.

On November 3, 1980, on Williamson's recommendation, the parole commission made mental health after-care treatment a special condition to Rauschenberg's re-parole. On November 13, 1980, Rauschenberg telephoned the regional parole commissioner and requested that he rescind the special condition. The commissioner rescinded the condition that day. On February 11, 1981, on the recommendation of Williamson, the special condition was again made a condition of Rauschenberg's parole.

Again, Rauschenberg accepted the special condition of parole. He claims again to have been coerced by Williamson. He asserts that Williamson told him that his 1979 waiver of his appeal rights meant that he could not appeal the parole commission's decision.

Rauschenberg received mental health treatment on one occasion in March, 1981. Soon thereafter he was convicted of state drug charges and reincarcerated.

Rauschenberg's complaint against Williamson consisted of three causes of action: (1) a *Bivens* action for deprivation of procedural rights in the parole process; (2) a *Bivens* action for deprivation of Rauschenberg's first, fourth, fifth, eighth, and ninth amendment rights resulting from the parole commission's requiring Rauschenberg to undergo psychiatric examination and treatment as a condition of parole; and (3) a 42 U.S.C. § 1983 action against Williamson for conspiring with state officials to deprive Rauschenberg of these same substantive rights. The procedural rights that Rauschenberg alleges Williamson deprived him of are created by statute and regulations.[1] The particulars of the substantive

---

**1.** The procedural rights Rauschenberg alleges Williamson infringed are the right to present objections prior to a decision to impose a special parole condition, 28 C.F.R. § 2.40(b); the

claims are not significant for the purposes of this decision.

In the district court, Williamson filed a motion for summary judgment. The district court initially denied Williamson's motion for summary judgment on the ground that a material question of fact existed as to the voluntariness of Rauschenberg's waiver of his right to appeal the imposition of the special condition of parole. The district court also ruled that Williamson was not entitled to immunity. Upon reconsideration, the district court concluded that Rauschenberg had failed to state a *Bivens* action and had failed to establish that a disputed issue existed as to whether Williamson had acted in concert with state officials. Consequently, the district court granted Williamson's motion for summary judgment.

■ A *"Bivens* action" provides an action for damages to vindicate a constitutional right when a federal government official has violated such a right. The action is available if no equally effective remedy is available, no explicit congressional declaration precludes recovery, and when no "special factors counsel hesitation." *See Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983). *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979).

The district court assumed that Rauschenberg's procedural rights were protected by the fifth amendment and assumed that at the time of filing this case, Rauschenberg had no alternative remedy for the deprivation. Based upon these assumptions, the court ruled that a "special factor counselling hesitation" weighed against recognizing a *Bivens* action for the deprivations alleged in this case. The court then ruled that the "factor counselling hes-

itation," is the existence of the habeas corpus statute and the parole statute which provided Rauschenberg with adequate relief from the deprivations at the time the deprivations were occurring.

## PROCEDURAL CLAIM (BIVENS)

Rauschenberg had remedies at the time of the alleged violations. He was advised of his rights throughout the process, and he had access to a lawyer at various times during the course of events. Rauschenberg could have at any time refused to comply with the mental health after-care condition and had his parole revoked. He could have then reapplied for parole and presented his objections to the U.S. Parole Commission at that time. If the parole commission persisted in imposing the special condition, he would have had the right to reject parole, or he could have exercised his right to appeal the imposition of the special condition. He also could have filed for judicial review through a petition for habeas corpus relief.[2] As the district court noted, Rauschenberg could have filed for habeas corpus relief at the first instance he believed his parole rights had been violated. *Compare Drollinger v. Milligan*, 552 F.2d 1220, 1225 (7th Cir.1977) (appropriate means of seeking release from terms and conditions of probation is petition for habeas corpus).

The Parole Commission and Reorganization Act of 1978 is a complex and comprehensive remedial system to govern parole situations. Congress intended the administrative appeal process to have a beneficial effect on the rapidly increasing volume of court litigation regarding parole decisions. S.Rep. (Judiciary Committee) No. 94–369, 94th Cong., 1st Sess., *reprinted in* 1976 U.S.Code Cong. & Ad.News 335, 337. Rauschenberg's listing of the procedural rights allegedly violated by Williamson pro-

right to petition for recission of a special condition, 18 U.S.C. §§ 4209(d)(2) and 4215(a) and 28 C.F.R. § 2.40(e); the right to appeal, 18 U.S.C. § 4215 and 28 C.F.R. § 2.40(g); and, the right to reject parole with special conditions, 28 C.F.R. § 2.40(h).

2. The Supreme Court has held that a parolee is "in custody" of the parole board within the meaning of the federal habeas corpus statute. *Jones v. Cunningham*, 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963).

vides a survey of the remedial scheme created by statute and regulation for parolees. See n. 1, above. Rauschenberg does not present evidence to prove that he did not have the opportunity to utilize the system; to the contrary, the record shows ample opportunities for Rauschenberg to consult with lawyers and to use the system. Even assuming, as the district court did, that Williamson in some fashion discouraged Rauschenberg from exercising his administrative rights, we do not believe congressional purposes in designing the detailed statutory/regulatory scheme set up under the Parole Commission and Reorganization Act of 1978 would be served by recognizing a *Bivens* cause of action when a parolee alleges that a parole officer misled the parolee about the procedures. Even though the parole law does not provide complete relief—in that Rauschenberg now has no alternative remedy for the deprivation alleged—"the existing regulatory structure and the respective costs and benefits that would result from the addition of another remedy" counsel against exercise of federal court power to afford Rauschenberg a damages remedy as supplement to the congressional scheme. *See Bush*, 462 U.S. at 388, 103 S.Ct. at 2416.

This court has rejected attempts by federal employees to distinguish the facts in their cases from *Bush*. *See Gleason v. Malcolm*, 718 F.2d 1044, 1047–48 (11th Cir. 1983) (emphasizing importance of preventing bypass, through suit against coworkers, of comprehensive and carefully balanced statutory and administrative remedies) and *Dynes v. Army-Air Force Exchange Service*, 720 F.2d 1495 (11th Cir. 1983) (construing *Bush* to control regardless of which constitutional right has allegedly been violated). The court has also applied *Bush* to other than purely employ-

ment claims. *See Wells v. Federal Aviation Administration*, 755 F.2d 804 (11th Cir.1985) (adequate set of regulatory and statutory remedies for revocation of an Air Transport Pilot Certificate by the Federal Aviation Administration).

■ Rauschenberg contends that the courts have never held that habeas corpus was an exclusive remedy for violation of constitutional rights of persons in custody. He also contends that the courts have not held that administrative grievance procedures for prisoners were exclusive remedies. By our holding, we do not embrace either of these propositions. We merely hold that under Rauschenberg's facts, special factors counsel hesitation in recognizing a cause of action against parole officer Williamson for violation of Rauschenberg's procedural rights.[3]

## SUBSTANTIVE CLAIM (BIVENS)

■ The district court granted Williamson's motion for summary judgment on the second *Bivens* claim on the ground that the parole board, and not Williamson, imposed the mental health after-care condition to Rauschenberg's parole. The district court held that a parolee should not be entitled to damages from a parole officer for the officer's role in recommending or administering a parole condition. We agree with the district court that recognition of a *Bivens* action for damages for recommending and administering a parole condition would undermine the parole processes Congress has developed.

## SECTION 1983 CLAIM

■ The district court also granted Williamson's motion for summary judgment on Rauschenberg's section 1983 claim. The

---

**3.** The government contends that Rauschenberg has not pleaded a constitutional due process violation, because the opportunity to protest a parole condition is only a statutory right and restrictions on liberty are a normal incident of parole. We agree that the due process claim is problematic. The district court noted that the Eighth Circuit has found a state parole regulation to create a protected liberty interest. *See*

*Parker v. Corrothers*, 750 F.2d 653 (8th Cir. 1984). We do not quarrel with the district court's choice of reaching the question whether a *Bivens* claim could be stated by assuming but not holding that Rauschenberg has stated a liberty interest. Like the district court, we see no need to analyze the precise nature of the interest asserted by Rauschenberg.

district court held that no genuine dispute existed that Williamson did not at any time act under color of state law in administering the mental health after-care condition. We agree with the district court's reasoning that Rauschenberg failed to come forward with probative evidence to controvert Williamson's evidence that he never acted in concert with state officials to violate Rauschenberg's constitutional rights.

In summary, we hold that a special factor counsels hesitation in affording Rauschenberg a *Bivens* action for deprivation of rights, that Rauschenberg has failed to state a substantive *Bivens* claim, and that Rauschenberg has failed to state a 1983 claim.[4] We affirm.

AFFIRMED

---

**4.** Because of the manner in which we dispose of the *Bivens* and section 1983 issues, we need not discuss Rauschenberg's freedom of religion claim or Williamson's immunity claims.