**Glenn L. SPRADLEY, Plaintiff,**

v.

**Joseph F. SPANIOL, Jr., et al., Defendants.**

**Civ. A. No. 87–1401.**

United States District Court, District of Columbia.

May 4, 1988.

Glenn L. Spradley, pro se.

Asst. U.S. Atty. Bradley L. Kelly, of counsel, Richard G.R. Schickele, Staff Counsel, Legal Office, U.S. Supreme Court, Washington, D.C., for defendants.

## MEMORANDUM OPINION

THOMAS F. HOGAN, District Judge.

Plaintiff, a prisoner proceeding *pro se*, is suing the Clerk of the United States Supreme Court and an Assistant Clerk. The Clerk's Office returned plaintiff's petition for common law writ of certiorari or writ of mandamus as not conforming to Supreme Court rules. He seeks damages for deprivation of his constitutional right of access to the courts. Because plaintiff's access to the courts was not denied but merely conditioned on compliance with the rules, the Court shall dismiss the complaint for failing to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6).

### Background

Glenn L. Spradley is incarcerated at the Marion Correctional Institution in Lowell, Florida. He has filed at least nine lawsuits in the United States District Court for the Middle District of Florida since 1983. In one of those cases, the United States Court of Appeals for the Eleventh Circuit on August 6, 1986, denied a motion for leave to proceed *in forma pauperis* and subsequently dismissed his appeal. As a result, Spradley on October 23, 1986, mailed to the United States Supreme Court various papers including one styled "petition for common law writ of certiorari or writ of mandamus to Court of Appeals for the Eleventh Circuit." On October 28, 1986, Assistant Clerk Sandra Elliott Spagnolo returned Spradley's papers, giving the following reasons:

> The affidavit of indigency must be notarized. See Rule 46.

> You may not file a petition for common law writ of certiorari or writ of mandamus; please indicate which one you wish to file.

On November 2, 1986, Spradley resubmitted the papers, complying with Spagnolo's first instruction but ignoring the second. On November 7, 1986, Spagnolo returned the papers again, stating that the Rules of the Supreme Court made no provision for the filing of a petition for common law writ of certiorari or writ of mandamus. Again, Spradley was asked to indicate whether he wished to file for a common law writ of certiorari or a writ of mandamus, and to resubmit the papers.

On April 15, 1987, Spradley filed this action against Spagnolo and Supreme Court Clerk Joseph F. Spaniol, Jr. He claimed violation of his constitutional right of access to the courts and denial of equal protection; Spagnolo was alleged to have "impeded the timely filing of plaintiff's papers and defeated or prejudiced his rights in federal court" and Spaniol to have "failed to properly train and supervise defendant Spagnolo." Both were sued in their individual and official capacities. Spradley sought $10,000 in compensatory damages and $2,000 in punitive damages from each defendant.

On April 27, 1987, this Court dismissed Spradley's complaint *sua sponte* as frivolous under 28 U.S.C. § 1915(d). On December 8, 1987, the United States Court of Appeals for the District of Columbia Circuit reversed, holding that plaintiff had "arguably stated a claim with a basis in law or fact," and remanded the case for responsive pleading.

On February 24, 1987, the defendants moved to dismiss the complaint with prejudice for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1), and failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6). Defendants also asserted that they are immune from plaintiff's claims. On March 8, 1988, plaintiff filed an opposition to the motion to dismiss.

### Discussion

In ruling on a motion to dismiss, courts are obliged to treat the allegations of the

complaint as true and may not dismiss for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957) (footnote omitted). However, "[a] court must dismiss a complaint where, even assuming all the factual allegations are true, the plaintiff has failed to establish a right to relief based upon those facts." *Gregg v. Barrett*, 771 F.2d 539, 547 (D.C.Cir.1985).

■ Plaintiff is suing defendants in their official and individual capacities. It is clear that he has failed to state a claim for damages against them in their official capacities. A claim against the defendants in their official capacities is a claim against the United States, cognizable, if at all, only under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680 (1982). *See Borntrager v. Stevas*, 772 F.2d 419, 421 (8th Cir.), *cert. denied*, 474 U.S. 1008, 106 S.Ct. 533, 88 L.Ed.2d 464 (1985). Under the FTCA, suit may not be instituted until a claimant has presented his claim to the appropriate federal agency and that agency has denied it or failed to act within six months. This requirement is jurisdictional in nature and cannot be waived. *E.g., House v. Mine Safety Appliances Co.*, 573 F.2d 609 (9th Cir.), *cert. denied*, 439 U.S. 862, 99 S.Ct. 182, 58 L.Ed.2d 171 (1978). The damages action against Spaniol and Spagnolo in their official capacities must therefore be dismissed for failure to exhaust. Even if the claim had properly been presented and denied, however, the outcome would be the same because, as will be seen below, Spradley has failed to state a claim for damages.

The Supreme Court has held that a cause of action exists against federal officials individually for violating a person's constitutional rights while acting in an official capacity. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1] A *"Bivens* action" is available to vindicate a constitutional right

when 1) a federal official has violated such a right; 2) no equally effective remedy is available; 3) no explicit congressional declaration precludes recovery; and 4) no "special factors counsel[ ] hesitation." *See Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983); *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979); *Rauschenberg v. Williamson*, 785 F.2d 985, 987 (11th Cir.1986).

■ Even assuming that at the time of filing this action no alternative remedy was available and assuming that Congress had not explicitly precluded recovery, Spradley's claim must fail because he does not allege a colorable constitutional violation and "special factors counseling hesitation," *Carlson v. Green*, 446 U.S. at 19, 100 S.Ct. at 1472, weigh against recognizing a *Bivens* action for the deprivation alleged in this case.

The Supreme Court has stated that "[u]nless the complaint states a compensable claim for relief under the Federal Constitution, it should not survive a motion to dismiss." *Butz v. Economou*, 438 U.S. 478, 507–08, 98 S.Ct. 2894, 2911, 57 L.Ed.2d 895 (1978). In this instance, Spradley has failed to allege how his right of access to the courts was in any way prejudiced by the Assistant Clerk's instruction that he designate his petition as one for common law writ of certiorari or for mandamus, but not in the alternative.

He states merely that defendants "impeded the timely filing" of his petition and thereby "defeated or prejudiced his rights in federal court." His conclusion is not supported by any facts, however. First, it is clear that his papers would not have been accepted on the first submission because they lacked the affidavit of indigency required for leave to proceed *in forma pauperis*. Sup.Ct.R. 46.1. Yet plaintiff does not contend, and indeed no one could seriously contend, that requiring an affidavit of indigency as a precondition to granting leave to proceed *in forma pauperis*

---

1. This cause of action arises under 28 U.S.C. § 1331 (1982), not 42 U.S.C. § 1983 (1982) as

stated in the complaint. *Cf. Gibson v. United States*, 781 F.2d 1334, 1343 (9th Cir.1986).

amounts to a deprivation of the constitutional right of access to the courts. Second, plaintiff concedes that the Assistant Clerk did not reject his papers, but merely returned them so they could be put in the form required by Supreme Court rules; his access to the Supreme Court was not denied, but merely conditioned on his compliance with the rules. Third, plaintiff does not state how even the second rejection of his papers prejudiced his rights. Any delay in instituting his action in the Supreme Court was caused by his own disregard of reasonable instructions and was at any rate *de minimis;* Spradley could have cured the defect in his papers and resubmitted them within days. Additionally, he suffered no prejudice in terms of deadlines because Rule 33.7 provides that a filing shall not be considered untimely if proper documents are "promptly substituted" for those returned by the Clerk's Office.

Finally, Spradley does not, and indeed cannot, show how he was in any way prejudiced by not being allowed to proceed "in the alternative." Both the common law writ of certiorari and the writ of mandamus are extraordinary writs which the Supreme Court, and other federal courts, are empowered to issue under 28 U.S.C. § 1651 (1982). Plaintiff does not specify how his legal position would have been in any way improved by proceeding in the alternative rather than specifying that he was seeking a common law writ of certiorari or a writ of mandamus.

Indeed, the cases suggest strongly that it is not important how a petition is styled. *See, e.g., Collier v. United States,* 384 U.S. 59, 86 S.Ct. 1253, 16 L.Ed.2d 353 (1966) (treating petition for mandamus as one for certiorari); *Head v. California,* 374 U.S. 509, 83 S.Ct. 1883, 10 L.Ed.2d 1047 (1963) (treating petition for common-law certiorari as one for statutory certiorari); *In re Shuttlesworth,* 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962) (treating petition for habeas corpus as one for certiorari); *cf. Barefoot v. Estelle,* 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983) (treating motion for stay of execution as petition for certiorari).

The leading commentators on Supreme Court practice note that the writs of mandamus, prohibition, and certiorari "overlap considerably, and the same general principles guide the Court in determining whether to allow each of them." R. Stern, E. Gressman & S. Shapiro, *Supreme Court Practice* § 11.2, at 500 (6th ed. 1986). In a footnote, they observe:

> Three petitions for exactly the same relief in cases argued together were entitled "Petition for Writs of Mandamus and Prohibition," Petition for Writ of Mandamus or Certiorari," and "Petition for Certiorari." *Ex parte Collett,* 337 U.S. 55 [69 S.Ct. 944, 93 L.Ed. 1207] (1949); *Kilpatrick v. Texas & Pacific Railway Co.,* 337 U.S. 75 [69 S.Ct. 953, 93 L.Ed. 1223] (1949); *United States v. National City Lines,* 337 U.S. 78 [69 S.Ct. 955, 93 L.Ed. 1226] (1949). The Court decided each case on the merits without noting the difference among the writs.

R. Stern, E. Gressman & S. Shapiro, *supra,* § 11.2, at 500 n. 4.

Thus, it is clear that it made absolutely no difference whether Spradley's petition was one for mandamus, common-law certiorari, or mandamus *or* common-law certiorari. It is abundantly clear that the Supreme Court will decide each case individually without regard to its label. Therefore, requiring Spradley to make a selection between mandamus and common-law certiorari in no way prejudiced his legal rights or blocked his access to the Supreme Court. Plaintiff thus has failed to allege that he was damaged in any way, beyond the mere conclusory allegations that defendants "impeded the timely filing of plaintiff's papers and defeated or prejudiced his rights in federal court."

Additionally, in this case "special factors counsel[ ] hesitation" in recognizing a *Bivens* action against the Clerk and Assistant Clerk of the Supreme Court. That factor is the existence of another remedy which provided Spradley with adequate relief from the alleged deprivations at the time they were occurring. *See Rauschenberg v. Williamson,* 785 F.2d at 987–88.

That remedy was a motion directed to the Supreme Court to compel the Clerk to docket his petition as submitted and to tender it to the Court. *See Borntrager v. Stevas,* 772 F.2d at 420. For Spradley, unlike Bivens, it was not "damages or nothing."[2]

In summary, plaintiff has failed to satisfy the jurisdiction requirement for an action against defendants in their official capacity and has failed to state a claim upon which relief can be granted against them individually. An appropriate Order of Dismissal accompanies this Memorandum Opinion.

## ORDER

Upon consideration of the defendants' motion to dismiss and plaintiff's opposition, and the entire record herein, and for the reasons stated in the accompanying Memorandum Opinion, it is this 3rd day of May, 1988,

ORDERED that the complaint is dismissed with prejudice for lack of jurisdiction and for failure to state a claim upon which relief can be granted.

---

**2.** "For people in Bivens' shoes, it is damages or nothing." *Bivens,* 403 U.S. at 410, 91 S.Ct. at 2012 (Harlan, J., concurring).