899 F.2d 14
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David Robert KITLEY, Plaintiff-Appellant,
v.
SUPREME COURT OF the UNITED STATES; William H. Rehnquist,
Hon. Mr., Individually & Officially; Lewis F. Powell, Hon.
Mr., Individually & Officially; Harry A. Blackmun, Hon.
Mr., Individually & Officially; William J. Brennan, Hon.
Mr., Individually & Officially; John Paul Stevens, Hon.
Mr., Individually & Officially; Thurgood Marshall, Hon.
Mr., Individually & Officially; Byron R. White, Hon. Mr.,
Individually & Officially, Sandra Day O'Connor, Hon. Ms.,
Individually & Officially; Antonin Scalia, Hon. Mr.,
Individually & Officially; Anthony Kennedy, Hon. Mr.,
Individually & Officially; Joseph F. Spaniol, Jr.,
Individually & Officially; Christopher W. Vasil,
Individually & Officially, Defendants-Appellees.
 No. 89-3619.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1990.
 
 1
 Before KEITH and DAVID A. NELSON, Circuit Judges, and CHURCHILL, Senior District Judge.*
 
 ORDER
 
 2
 Plaintiff David Robert Kitley appeals a judgment in which the district court dismissed his suit against the Supreme Court of the United States, the Chief Justice, the associate justices, Justice Powell (retired), and the clerk and deputy clerk of the Court. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Mr. Kitley's suit stems from the refusal of the Supreme Court Clerk's Office to accept for filing an untimely petition in which Mr. Kitley sought rehearing of a denial of certiorari. Mr. Kitley seeks (1) a declaration that the applicable Rules of the Supreme Court are unconstitutional, (2) an injunction prohibiting the enforcement of those rules, (3) a revision of the rules to conform to the Constitution, and (4) the acceptance of his petition for rehearing.
 
 
 4
 Before the Supreme Court and the justices had entered an appearance in this case, the district court invoked Rule 11, Fed.R.Civ.P., and dismissed these defendants by way of imposing sanctions against the plaintiff for making frivolous claims. The clerk and deputy clerk then moved for dismissal for failure to state a claim on which relief could be granted. The district court granted the motion and dismissed the case.
 
 
 5
 It is generally improper for a district court to dismiss a suit sua sponte prior to service of process on the defendants and prior to giving the plaintiff an opportunity to amend his complaint. Tingler v. Marshall, 716 F.2d 1109 (6th Cir.1983). But there is an exception to this general rule when the district court, acting pursuant to 28 U.S.C. Sec. 1915(d) and explicitly relying on that section, dismisses as frivolous a complaint filed by a plaintiff proceeding in forma pauperis. Harris v. Johnson, 784 F.2d 222 (6th Cir.1986).
 
 
 6
 Although the district court relied on Rule 11 in the instant case, Mr. Kitley's claims against the Supreme Court and its members are clearly frivolous within the meaning of Sec. 1915(d). See Nietzke v. Williams, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338, 348 (1989) (statute accords judges authority to dismiss a claim based upon an indisputably meritless legal theory). The justices in their individual capacities are absolutely immune from suit. Pierson v. Ray, 386 U.S. 547, 553-54 (1967). As to official capacity, only the Supreme Court can prescribe rules for its procedure, and such rules are a priori constitutional. See Burlington N.R.R. Co. v. Woods, 480 U.S. 1, 5 (1987); 28 U.S.C. Sec. 2071. No arguable theory exists that would permit the district court or us to grant the relief requested by Mr. Kitley against the Supreme Court and its members.
 
 
 7
 The district court was correct in dismissing the clerk and deputy clerk. Court clerks are absolutely immune in their individual capacities for acts done in the performance of judicial or quasi-judicial functions. Foster v. Walsh, 864 F.2d 416, 417-18 (6th Cir.1988) (per curiam) (municipal court clerk immune from suit for issuing erroneous bench warrant). Application of the Rules of the Supreme Court to filings is as much a "judicial" act as is the issuance of a warrant at a judge's direction. And just as we cannot prescribe rules for the Supreme Court, neither can we decide how that court's rules should be applied. If Mr. Kitley feels aggrieved by the action of the Supreme Court's Clerk's Office, his remedy lies with the Supreme Court, not with a lower court. See Borntrager v. Stevas, 772 F.2d 419, 420 (8th Cir.) ("[I]t is the right and duty of the court ... to correct the irregularities of its officer and [t]o compel him to perform his duty," quoting Griffin v. Thomson, 43 U.S. (2 How.) 244, 257 (1844)), cert. denied, 474 U.S. 1008 (1985); Spradley v. Spaniol, 684 F.Supp. 10, 14 (D.D.C.1988).
 
 
 8
 Accordingly, the judgment of the district court is AFFIRMED pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation