**CHAPLAINCY OF FULL GOSPEL CHURCHES et al., Plaintiffs,**

v.

**Hansford T. JOHNSON, Acting Secretary of the Navy, et al., Defendants.**

**Robert H. Adair et al., Plaintiffs,**

v.

**Hansford T. Johnson, Acting Secretary of the Navy, et al., Defendants.**

**Civil Action Nos. 99–2945 (RMU), 00–0566(RMU).**

United States District Court, District of Columbia.

Aug. 14, 2003.

Arthur A. Schulcz, Sr., Vienna, VA, for plaintiff.

Michael Q. Hyde, U.S. Dept. of Justice, Washington, DC, for defendant.

## MEMORANDUM ORDER

RICARDO M. URBINA, District Judge.

### DENYING THE PLAINTIFFS' PETITION FOR A WRIT OF MANDAMUS

This class action comes before the court on the plaintiffs' petition for a writ of mandamus and the defendants' motion to strike or, in the alternative, to dismiss that petition. The plaintiffs, current and former Navy chaplains, bring suit against the Secretary of the Navy ("the Secretary"), other Navy officials, and the Navy alleging that the Navy's policies and practices—including its chaplain accession and promotion process—favor certain religious denominations over others in violation of the First and Fifth Amendments to the Constitution.[1]

On November 25, 2002, the plaintiffs filed a petition for a writ of mandamus. The impetus for the petition is the allegedly illegal recall to active duty of Commander John Lyle ("CDR Lyle"), a liturgical (Catholic) Naval Reserve chaplain. Pls.' Pet. for a Writ of Mandamus ("Pls.' Pet.") at 2. The plaintiffs assert that according to the Navy's own regulations, CDR Lyle was not qualified for the active-duty position to which the Navy assigned him. Id. at 4–14. In recalling CDR Lyle, therefore, the defendants allegedly engaged in a deliberate conspiracy—involving the use of improper accounting codes to, inter alia, disguise CDR Lyle as a "flight surgeon"—to circumvent Navy regulations and constitutional protections. Id. As a result of this alleged conspiracy, the plaintiffs contend that they and non-Catholic chaplains suffered prejudice in the form of lost opportunities for promotion. Id. at 4–5, 14. Accordingly, the plaintiffs ask the court to direct the Secretary to (1) follow Navy regulations concerning the recall of Naval Reserve chaplains for active duty; (2) comply with government accounting, expenditure and financial reporting standards; (3) investigate waste, fraud and abuse arising from the Secretary's alleged violations of Navy regulations; and (4) recoup the funds the Secretary allegedly wasted as a result of these alleged violations. Id. at 1.

In response to the plaintiffs' petition, the defendants filed a motion to strike or, in the alternative, to dismiss that raises several jurisdictional challenges. First, the defendants claim that the petition amounts to an unauthorized "pleading" that the court should strike because neither the Adair nor the Chaplaincy complaints include the petition's allegations. Defs.' Mot. to Strike ("Defs.' Mot.") at 6–10 (citing FED.R.CIV.P. 12(f)). Second, the defendants assert that this court lacks subject-matter jurisdiction because the plaintiffs' petition asks the court to compel the defendants to perform actions that are discretionary rather than ministerial in nature. Id. at 10–13. Finally, the defendants claim that the plaintiffs lack standing to seek mandamus relief because the injury they allege is too generalized and attenuated. Id. at 14–17.

A writ of mandamus is "an extraordinary [remedy] ... to be utilized only under exceptional circumstances." Haneke v. Sec'y of Health, Educ. & Welfare, 535 F.2d 1291, 1296 (D.C.Cir.1976). "The necessary prerequisites for this court to exercise its mandamus jurisdiction are

---

1. In January 2001, the court's Calendar Committee transferred this case and the related case of Adair v. England, Civil Action No. 00–0566, from Judge June L. Green to this member of the court. Prior to the transfer, and pursuant to the parties' joint recommendation, Judge Green consolidated the two cases for pretrial purposes. Order dated Sept. 26, 2000. For a detailed factual history of the allegations underlying both complaints, see Adair v. England, 183 F.Supp.2d 31 (D.D.C. 2002).

that (1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *Swan v. Clinton*, 100 F.3d 973, 977 n. 1 (D.C.Cir. 1996) (internal quotations omitted); *see also Atl. Tele–Network, Inc. v. Inter–Am. Dev. Bank*, 251 F.Supp.2d. 126, 131 (D.D.C.2003) (applying *Swan* test). The plaintiff bears the "heavy burden" of showing that its right to issuance of the writ is "clear and indisputable." *In re Cheney*, 334 F.3d 1096, 1102, 1107 (D.C.Cir.2003) (internal quotations omitted). Because these prerequisites are jurisdictional in nature, the plaintiff's failure to meet any one of the them deprives the court of jurisdiction and thus is fatal to the plaintiff's request. *Swan*, 100 F.3d at 977 n. 1 (indicating that the three prerequisites go to the court's jurisdiction).

 Because the plaintiffs have failed to meet their burden of demonstrating that there is no adequate remedy other than a writ of mandamus, the court concludes that it lacks jurisdiction over the plaintiffs' petition. *Id.; In re Cheney*, 334 F.3d at 1102; *Cobell v. Norton*, 240 F.3d 1081, 1094 (D.C.Cir.2001). The plaintiffs argue, and the court agrees, that the *Adair* and *Chaplaincy* complaints encompass the petition's allegations relating to CDR Lyle. Pls.' Pet. at 1, 12–14, Pls.' Opp'n at 1, 7–10, 23. But if the plaintiffs' complaints include these allegations, the ongoing litigation in this court constitutes an alternative "adequate remedy" that deprives this court of jurisdiction over the plaintiffs' petition. *Ransom v. Babbitt*, 69 F.Supp.2d. 141, 149 (D.D.C.1999) (declining to exer-

cise mandamus authority because the plaintiffs could bring suit without resort to the Mandamus Act); *see also Borntrager v. Stevas*, 772 F.2d 419, 420 (8th Cir.1985) (affirming the lower court's conclusion that mandamus relief was unavailable to a plaintiff denied admission to the Supreme Court bar by the clerk because the plaintiff could seek Supreme Court review of the clerk's conduct).

The plaintiffs assert that no other adequate remedy exists, however, because the "fiscal year 04 promotion cycle will soon begin," and if the court permits the Navy to get away with the Lyle recall "it would be difficult if not impossible for the eligible plaintiffs in the class to receive an appropriate remedy." Pls.' Pet. at 19. Yet the plaintiffs themselves repeatedly characterize the Lyle recall as merely one example of the Navy's systemic discrimination against non-liturgical Christian chaplains outlined in the plaintiffs' underlying complaints. *Id.* at 1, 12–14; Pls.' Opp'n at 1, 7–10, 23. As the authors of the *Adair* and *Chaplaincy* complaints, the plaintiffs apparently believe the relief they seek in those complaints is adequate to remedy this alleged discrimination despite the fact that the Navy's promotion system continues to operate during the pendency of this litigation. *Adair* First Am. Compl.[2] at 52–61 (requesting various forms of declaratory and injunctive relief); *Chaplaincy* Second Am. Compl. at 42–49 (same). Why this particular allegation of Navy misconduct, out of the entire constellation of allegations that the plaintiffs level against the Navy in this litigation, merits the formidable weapon of mandamus is not clear.[3]

---

**2.** Pursuant to this court's July 15, 2003 Memorandum Opinion, the plaintiffs have filed a second amended complaint in *Adair* that supersedes their first amended complaint. *Adair v. Johnson*, 2003 WL 21659610 (D.D.C. July 15, 2003) (granting the plaintiffs leave to

amend). The relief sought in the plaintiffs' second amended complaint is identical to that sought in the plaintiffs' first amended complaint.

**3.** As one commentator has described it, mandamus is "the courtroom equivalent of rescu-

*Cartier v. Sec'y of State,* 506 F.2d 191, 199 (D.C.Cir.1974) (stating that mandamus is to be used "only in the clearest and most compelling cases"). The court agrees with the defendants that a remedy for the Lyle allegations must await final resolution on the merits of the plaintiffs' claims. Defs.' Reply at 11–12.

Accordingly, it is this 14th day of August, 2003,

**ORDERED** that the plaintiffs' petition [# 123] for a writ of mandamus is **DENIED**; and it is

**FURTHER ORDERED** that the defendants' motion [# 127] to strike or, in the alternative, to dismiss the plaintiffs' petition is **DENIED**.

**SO ORDERED.**

ing a soldier from behind enemy lines." *See* http://www.law.com/jsp/article.jsp?id=1048518246806.