**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Lester ROGERS, Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Lester ROGERS, Defendant-Appellee.**

Nos. 84–5594, 85–5056.

United States Court of Appeals,
Eleventh Circuit.

May 9, 1986.

Black & Furci, P.A., Roy E. Black, Miami, Fla., for defendant-appellant.

Leon B. Kellner, U.S. Atty., Michael Pasano, Myles Malman, Asst. U.S. Attys., Linda Collins-Hertz, David O. Leiwant, Miami, Fla., for plaintiff-appellee.

Before VANCE and JOHNSON, Circuit Judges, and ALLGOOD,* Senior District Judge.

VANCE, Circuit Judge:

In this consolidated appeal the government challenges the district court's ruling that the government is barred from introducing certain evidence at the retrial of defendant Lester Rogers on a charge of conspiracy to violate the Travel Act. Rogers appeals the district court's refusal to dismiss the Travel Act conspiracy charge under the doctrine of collateral estoppel.

* Hon. Clarence W. Allgood, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

We dismiss the government's appeal, No. 85–5056, for failure to file a timely notice of appeal. In No. 84–5594, we affirm the district court's refusal to dismiss the Travel Act conspiracy charge.

### I. *Facts and Procedural History*

On October 14, 1982 defendant Lester Rogers and nineteen other named individuals were indicted by a grand jury. Rogers was charged with conspiring to violate the Travel Act, 18 U.S.C. § 1952(a),[1] in violation of 18 U.S.C. § 371 (count I), violating the Travel Act (count II), conspiring to import cocaine in violation of 21 U.S.C. § 963 (count X), and conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 (count XI).

The indictment arose from a Drug Enforcement Administration undercover operation investigating money laundering of alleged proceeds of drug transactions in South Florida and elsewhere. The DEA ran its investigation through an undercover business organization it created, Dean International Investments, Inc. ("Dean Investments"). Dean Investments exchanged cash for checks, cashier's checks and other similar instruments, and transferred money by wire.

Defendant Rogers is a Miami attorney. The conspiracy and Travel Act charges resulted from a wire transfer of money by Dean Investments from Miami to a bank in Panama for one of Rogers' clients, Marlene Navarro. Navarro was allegedly the manager of a cocaine importation and distribution enterprise. The government asserted that Rogers aided in arranging the wire transfer for Navarro and received approximately $2,000 in commission money for his efforts. Rogers denied knowledge of the wire transfer and denied participation in Navarro's alleged drug enterprise.

The jury acquitted Rogers of the substantive Travel Act charge and the cocaine conspiracy charges but deadlocked on the Travel Act conspiracy charge, resulting in a mistrial on that count. The government later decided to reprosecute Rogers on the Travel Act conspiracy charge. Rogers filed a motion with the district court on March 21, 1984, requesting the court to dismiss the charge on double jeopardy grounds or in the alternative to bar the introduction of evidence at retrial of the crimes for which he had been acquitted. On July 18, 1984 the district court denied Rogers' motion to dismiss but barred the introduction of certain evidence at the retrial. Rogers filed a timely notice of appeal from the district court's denial of his motion to dismiss on July 26, 1984 (No. 84–5594). On August 9, 1984 the government filed a motion for reconsideration and clarification of the district court's July 18 order. The district court denied this motion on December 4, 1984, and the government filed a notice of appeal on January 2, 1985 (No. 85–5056).

After consolidating the two appeals, this court remanded No. 85–5056 to the district court for a determination of whether Rogers' double jeopardy motion was frivolous. The district court found that the motion was non-frivolous. This court then tentatively decided to accept jurisdiction in No. 85–5056, but carried the jurisdictional question with the case.

### II. *Discussion*

#### A. *No. 85–5056*

Rogers contends that the government's appeal in No. 85–5056 was untimely. We agree.

---

1. Section 1952(a) states in relevant part:
   (a) Whoever travels in interstate or foreign commerce or uses any facility in interstate or foreign commerce, including the mail, with intent to—
   (1) distribute the proceeds of any unlawful activity; or
   .  .  .  .  .
   (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity,
   and thereafter performs or attempts to perform any of the acts specified in subparagraphs (1), (2), and (3), shall be fined not more than $10,000 or imprisoned for not more than five years, or both.
   18 U.S.C. § 1952(a).

■ The filing of a notice of appeal normally divests the district court of jurisdiction over matters concerned in the appeal and transfers jurisdiction over those matters to the court of appeals. *See Marrese v. American Academy of Orthopaedic Surgeons*, —— U.S. ——, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274 (1985) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982)); *United States v. Hitchmon*, 602 F.2d 689, 692 (5th Cir.1979) (en banc). To prevent defendants from using interlocutory appeal as a dilatory tactic, however, we have recognized an exception to the general rule in the context of double jeopardy motions. An appeal from the denial of such a motion does not deprive the district court of jurisdiction if the motion was frivolous. *See United States v. Dunbar*, 611 F.2d 985, 988 (5th Cir.) (en banc), *cert. denied*, 447 U.S. 926, 100 S.Ct. 3022, 65 L.Ed.2d 1120 (1980).

Because the district court found that Rogers' double jeopardy motion was non-frivolous, the district court did not retain jurisdiction when Rogers filed his notice of appeal. That means that the court was without jurisdiction when it denied the government's motion for reconsideration on December 4. Hence, the government cannot rely on that action to make its January 2 notice of appeal timely.

■ The government thus had thirty days from the date of the entry of the district court's order, July 19, 1984, to file a notice of appeal. Fed.R.App.P. 4(b). We conclude that the government's motion for reconsideration and clarification filed with the district court on August 9, 1984, though within the thirty day limit was not effective to notice an appeal to this court. While this court has discretion to disregard irregularities in the form or procedure for filing a notice of appeal, we note that the notice of appeal requirement may be satisfied only by a statement that clearly evinces the party's intent to appeal. *See United States v. Whitaker*, 722 F.2d 1533, 1534–35 (11th Cir.1984) (treating a defendant's motion for release pending appeal as the requisite jurisdictional notice under Rule 4(b) because record reflected clear intent to appeal); *Cobb v. Lewis*, 488 F.2d 41, 44–45 (5th Cir.1974). The government's August 9, 1984 motion for reconsideration and clarification did not indicate an intent to appeal. We therefore cannot consider it sufficient to satisfy the notice of appeal requirement. The government did not file a sufficient notice of appeal until January 2, 1985, well beyond the prescribed time limit for such a notice. Failure to file a timely notice of appeal deprives the appellate court of jurisdiction. *Whitaker*, 722 F.2d at 1534. We therefore dismiss the government's untimely appeal, No. 85–5056.

**B. *No. 84–5594***

Rogers contends in No. 84–5594 that the principles of collateral estoppel bar his retrial on the Travel Act conspiracy count. Rogers argues that he cannot be convicted of conspiring to advance an unlawful business enterprise under 18 U.S.C. § 1952 because he was acquitted of membership in the cocaine conspiracies, the underlying unlawful business enterprise in this case.

■ We note first that count I of the indictment charges Rogers with conspiring to violate both 18 U.S.C. § 1952(a)(1) and 18 U.S.C. § 1952(a)(3). We addressed section 1952(a)(1), which concerns distribution of proceeds of an unlawful activity, in *United States v. Lignarolo*, 770 F.2d 971 (11th Cir.1985). In *Lignarolo* we affirmed the convictions of two defendants who had conspired to violate section 1952(a)(1) by traveling in interstate commerce to distribute cash proceeds of marijuana trafficking. We stated that to sustain a conviction for violation of or conspiracy to violate section 1952(a)(1) the government does not have to show that the defendant was a principal in the criminal enterprise, such as a co-conspirator or an aider or abettor. *Id.* at 978 & n.9. The government need not prove that the defendant intended to facilitate the unlawful activity of the business enterprise. *Id.* at 978 n.9. It is sufficient that the government establish that the defendant, at the time he distributed the proceeds

or conspired to do so, knew they were derived from unlawful activity. *See id.* at 977, 978 n.9. Following our precedent in *Lignarolo* we reject Rogers' contention concerning section 1952(a)(1) and conclude that the district court properly denied his request for the dismissal of the charges in count I of conspiring to violate that provision. Rogers' acquittal of the cocaine conspiracy charges does not prevent the government from establishing that Rogers conspired to distribute proceeds that he knew were derived from unlawful activity. The government would not have to show that Rogers was a principal in the underlying cocaine enterprise to sustain a conviction for conspiring to violate section 1952(a)(1).

 We must next examine Rogers' argument in terms of the second part of the conspiracy charges in count I concerning 18 U.S.C. § 1952(a)(3). Section 1952(a)(3) forbids traveling in interstate or foreign commerce or the use of any facility in interstate or foreign commerce with intent to "otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity." We have held previously that to facilitate unlawful activity within the meaning of section 1952(a)(3) means to make easy or less difficult. *Rewis v. United States*, 418 F.2d 1218, 1221 (5th Cir.1969), *rev'd on other grounds*, 401 U.S. 808, 91 S.Ct. 1056, 28 L.Ed.2d 493 (1971); *see also United States v. Rivera*, 775 F.2d 1559, 1562 (11th Cir. 1985) (giving a similar definition of "facilitation" in the context of proving a violation of 21 U.S.C. § 843(b), which concerns the knowing and intentional use of a communications facility to facilitate the commission of a narcotics offense). We reject Rogers' argument that his acquittal of the cocaine conspiracy charges necessarily precludes his retrial on the charge of conspiracy to violate section 1952(a)(3). Establishment of Rogers' membership in the cocaine conspiracies is not the only manner in which the government might show that Rogers conspired to make easy or less difficult the carrying on of the unlawful activity in this case.

In rejecting Rogers' claim we expressly refuse to go as far in construing section 1952(a)(3) as the ninth circuit went in *United States v. Gibson Specialty Co.*, 507 F.2d 446 (9th Cir.1974). That court held that to sustain a conviction under 18 U.S.C. § 1952(a)(3) the prosecutor must show that the defendant associated himself in some significant manner with the criminal venture for the purpose of its advancement. *Id.* at 449. We adhere to our own ruling that the government need show only that the defendant made the unlawful activity easy or less difficult.

We therefore hold that the government is not barred from retrying Rogers on the Travel Act conspiracy count. The district court's decision denying Rogers' motion to dismiss that count is AFFIRMED.

No. 85–5056 APPEAL DISMISSED.

No. 84–5594 AFFIRMED.