**DIAMOND WASTE, INC., Plaintiff,**

v.

**MONROE COUNTY, GEORGIA, et al.**

Civ. A. 91–379–2–MAC (WDO).

United States District Court,
M.D. Georgia,
Macon Division.

Dec. 9, 1994.

Linwood Robert Lovett, Macon, GA, for plaintiff.

Frederick L. Wright, II, Atlanta, GA, W. Franklin Freeman, Jr., James Albe Vaughn, Forsyth, GA, for Monroe County, GA.

Frederick L. Wright, II, Atlanta, GA, James Albe Vaughn, Forsyth, GA, for Monroe County Bd. of Com'rs.

Frederick L. Wright, II, Atlanta, GA, for Thomas H. Wilson.

## ORDER

OWENS, Chief Judge.

Before the court is plaintiff's joint motion for conversion of preliminary injunctive relief into permanent injunctive relief, and for summary judgment on procedural and substantive due process claims. After careful consideration of the arguments of counsel, the relevant caselaw, and the record as a whole, the court issues the following order.

## FACTS

On October 30, 1991, defendants passed an ordinance regulating the importation of waste. This court granted plaintiff preliminary injunctive relief against the enforcement of this ordinance on May 12, 1992. The same order also (1) denied defendants' summary judgment motion as to plaintiff's procedural and substantive due process claims, and (2) granted defendants' summary judgment motion as to plaintiff's facial invalidity challenge to the ordinance. Defendants appealed that order insofar as it was unfavorable to their position to the Eleventh Circuit.

Subsequent developments caused the Eleventh Circuit to remand the case to this court for the purpose of reconsidering plaintiff's facial invalidity claim. Because of recent Supreme Court pronouncements, this court reversed its earlier ruling, which had granted defendants summary judgment. A second remand from the Eleventh Circuit allowed this court to grant, on August 9, 1993, plaintiff's summary judgment motion that the ordinance was unconstitutional on its face as violative of the Commerce Clause of the United States Constitution. Defendants appealed this order to the Eleventh Circuit as well.

The Eleventh Circuit heard arguments on these two appeals, which have been consolidated, on August 31, 1994. Again, those appeals involved the following issues: whether this court erred in denying defendants' summary judgment motion on plaintiff's procedural and substantive due process claims, and whether this court erred in finding the ordinance to be facially invalid under the Commerce Clause.

The issues raised by plaintiff's instant motion are its entitlement to permanent, as opposed to preliminary, injunctive relief, and whether it should be granted summary judgment as to its procedural and substantive due process claims.

## DISCUSSION

Defendants' opposition to plaintiff's motion for permanent injunctive relief and summary judgment on its procedural and substantive due process claims focuses on this court's lack of jurisdiction over matters currently on appeal to the Eleventh Circuit. Because the subject matter of these motions has been appealed, defendants contend, this court does not retain jurisdiction to decide the issues now interposed by plaintiff.

The general rule is that the filing of a notice of appeal, which defendants did in this case with respect to both appeals, "normally divests the district court of jurisdiction over matters concerned in the appeal and transfers jurisdiction over those matters to the court of appeals." *United States v. Rogers,* 788 F.2d 1472, 1475 (11th Cir.1986) (citing *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985)). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over **those aspects of the case involved in the appeal.**" *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (emphasis supplied).

■ The Eleventh Circuit has identified several exceptions to this general rule. In all events, the district court will retain the authority to "act in aid of the appeal, to correct clerical mistakes or to aid in the execution of a judgment that has not been superseded." *Showtime v. Covered Bridge Condominium Ass'n,* 895 F.2d 711, 713 (11th Cir.1990). More specific exceptions preserve district court jurisdiction over matters involved in the appeal where the appeal is from the denial of a defendant's frivolous double jeopardy motion, *see Rogers,* 788 F.2d at 1475; where the appeal is from a nonappealable order, *see United States v. Hitch-*

*mon,* 602 F.2d 689, 691 (5th Cir.1979) (en banc); or where appeal is by the government from a pretrial suppression order, and the district court retains jurisdiction for purpose of dismissing the indictment, *see United States v. Gatto,* 763 F.2d 1040, 1049 (9th Cir.1985). Finally, a corollary of the general rule is that the district court will retain jurisdiction over matters **not involved in the appeal.**

■ One policy reason for recognizing these exceptions is to prevent the use of appeal as a dilatory tactic. *Rogers,* 788 F.2d at 1475. Another is to minimize the possibility that two courts will render conflicting decisions simultaneously. The rule also serves to conserve judicial resources: if both courts' rulings are identical, then efforts have been needlessly duplicated, and if the rulings are dissimilar, the district court has wasted its time and effort.

■ With these considerations in mind, the court refuses to evaluate plaintiff's motion for summary judgment on procedural and substantive due process issues. Plaintiff cites *Sycuan Band of Mission Indians v. Roache,* 788 F.Supp. 1498, 1511 (S.D.Cal. 1992), for the proposition that a district court may proceed with the merits of the action while a preliminary injunction is being appealed. However, that case is distinguished since the merits on which the district court was empowered to proceed were apparently not being appealed as well. Here, not only is the grant of the preliminary injunction being appealed, but the denial of defendants' motion for summary judgment on procedural and substantive due process claims is also before the Eleventh Circuit. Accordingly, the court will **REFRAIN FROM RULING** on plaintiff's motion for summary judgment until such time as it has been reinvested with jurisdiction over those matters.

■ Similar reasons support the court's decision to reserve judgment on plaintiff's request that the court convert the preliminary injunction into permanent injunctive relief. First, the possibility exists that the Eleventh Circuit will reverse this court's determination that plaintiff was entitled to preliminary injunctive relief, or that the ordi-

nance is facially invalid under the Commerce Clause. The same rationale for dismissing plaintiff's summary judgment motion applies to the request for permanent injunctive relief.

Secondly, even if the Eleventh Circuit affirms all of this court's prior determinations, plaintiff has not demonstrated to the satisfaction of this court that all elements for permanent injunctive relief have been satisfied. Those elements are: proof that a violation has occurred, continuity of injury in the absence of an injunction, and lack of an adequate remedy at law. *Diamond Waste, Inc. v. Monroe County, Georgia,* 731 F.Supp. 505, 510 (M.D.Ga.1990). In the court's judgment, plaintiff cannot establish the second element (continuity of injury) while the preliminary injunction is in effect. Plaintiff has not alleged in its motion that defendants are currently attempting to enforce the ordinance against it.[1]

The court does note in this context that, according to *Showtime,* 895 F.2d at 713, it retains jurisdiction "to aid in the execution of a judgment that has not been superseded." Especially in light of the fact that the court retains jurisdiction over the enforcement of its earlier preliminary injunction, the possibility that plaintiff will be harmed is non-existent. If plaintiff feels that the preliminary injunction is being violated, it may file an appropriate motion for enforcement with the court. The issue of conversion from preliminary to permanent injunctive relief will await disposition of this case on the merits. Accordingly, the court **RESERVES JUDGMENT** on plaintiff's request for permanent injunctive relief.

**SO ORDERED.**

---

1. Plaintiff alleges that "threatened enforcement" of the ordinance by the defendants has caused it to lose several contracts. However, there is no suggestion that this "threat" of enforcement is currently being made. The court notes that the threat of enforcement would be a hollow one in light of the preliminary injunction issued: Defendants are enjoined "from enforcing the ordinance at issue until the case is decided on the merits." *Diamond Waste, Inc. v. Monroe County, Georgia,* 796 F.Supp. 1511, 1521 (M.D.Ga.1992).