DIAMOND WASTE, INC., Plaintiff,

v.

MONROE COUNTY, et al., Defendants.

5:91–cv–379–2 (WDO).

United States District Court,
M.D. Georgia,
Macon Division.

Dec. 6, 1995.

Linwood Robert Lovett, Macon, GA, for Diamond Waste, Inc.

Frederick L. Wright, II, Atlanta, GA, W. Franklin Freeman, Jr., Forsyth, GA, James Albe Vaughn, Forsyth, GA, for Monroe County, Georgia.

Frederick L. Wright, II, Atlanta, GA, James Albe Vaughn, Forsyth, GA, for Monroe County Board of Commissioners.

Frederick L. Wright, II, Atlanta, GA, for Thomas H. Wilson.

## ORDER

OWENS, District Judge.

Before the court is plaintiff's motion for attorney fees, brought pursuant to 42 U.S.C. § 1988. After careful consideration of the arguments of counsel, the relevant caselaw, and the record as a whole, the court issues the following order.

On October 30, 1991, defendants passed an ordinance regulating the importation of waste into Monroe County, Georgia. Plaintiff Diamond Waste, Inc., ("DWI") sued the county, claiming that its conduct was unconstitutional. By order dated May 12, 1992, the court granted plaintiff preliminary injunctive relief, denied defendants' summary judgment motion as to plaintiff's procedural and substantive due process challenges, and granted defendants' summary judgment motion on plaintiff's facial invalidity claim.

Subsequent changes in controlling precedent caused the court to reverse course. Thus the court ruled that the ordinance was facially invalid under the Commerce Clause. Defendants filed two appeals in the Eleventh Circuit, one challenging the court's pronouncement of the ordinance facially invalid, and the other from the court's denial of summary judgment on procedural and substantive due process grounds. While these issues were before the Eleventh Circuit, plaintiff sought a declaration from this court that DWI was entitled to permanent injunctive relief and that it was entitled to summary judgment on its procedural and substantive due process claims. The court refrained from ruling on these issues pending the outcome of the appeals. *See Diamond Waste, Inc. v. Monroe County,* 869 F.Supp. 944, 946 (M.D.Ga.1994).

The Eleventh Circuit affirmed this court's decision on the facial invalidity issue, and denied as moot the appeal of the preliminary injunction. Upon remand, this court denied as moot plaintiff's motion for summary judgment on procedural and substantive due process grounds.

Plaintiff's counsel filed his motion for attorney fees on April 13, 1995. On May 12, 1995, the court ruled that all pending motions, except for that pertaining to the award of attorney fees, were moot. Also filed with the attorney fees motion was a brief in support thereof that appropriately addressed the *Johnson* factors. On page five of that brief [tab # 105] the applicant has listed a "summary" of hours expended, and attached to the brief are two exhibits, copies of appellate decisions. This is the only place where any attempt is made by applicant to break down charges for services into temporal increments.

The instant motion has progressed in three stages. As noted, plaintiff filed its motion for attorney fees on April 13, 1995. In support of this were affidavits and a legal brief. Each affiant stated that he or she had "carefully reviewed the activities and time summaries setting forth the hours ... incurred" and had "specifically reviewed the time summaries and activity sheets to ensure that each hour listed was incurred" during the course of the matter *sub judice.* Further, each affiant stated that the work performed was "reasonable and necessary" to the successful representation of the client. Defendants do not dispute plaintiff's eligibility for a fee award; however, they did contest the amount of plaintiff's claim. Specifically, defendant showed the court that (1) plaintiff's "activity logs" contained charges for services performed *before* the date of the challenged conduct, (2) the activity logs listed services rendered in the course of matters unrelated to the matter *sub judice,* (3) many entries in the activity logs were vague, nonspecific, and bore no rational relation to issues involved in this litigation, and (4) some entries in the activity logs simply could not have been authentic.

The court agreed with the examples cited by defendant, and ordered plaintiff's counsel

to submit a supplemental itemization of services within fifteen (15) days. The court's order specified that the supplemental itemization should do two things. First, all services obviously rendered in other matters should be omitted. Second, counsel should describe "the services claim with sufficient detail to allow the court and the defendants to determine the connection between the services claimed and this action."

Plaintiff filed amended affidavits. Plaintiff did redact those charges that defendants had given as examples of matters for which it should not be required to pay. One affiant, attorney L. Robert Lovett, who served as lead counsel, stated that in 1991–92 his hourly rate was $100, and that it increased to $125 for 1993–94. On his time sheet, no times are provided; only a dollar figure is stated for each service. The descriptions of particular services rendered were no more specific than those initially submitted, and did not provide any additional detail to assist the court in determining the propriety of charges.

Defendants again objected on the same grounds, and once again requested the court to order a more detailed description of services. The court agreed that plaintiff's supplemental submission was "clearly not in compliance with the court's order," and ordered plaintiff to show cause within fifteen (15) days why attorney fees should not be denied altogether. Plaintiff's legal brief in response to the show cause order contends that they are "entitled" to an award of fees, that the court has "exceedingly narrow" discretion to deny such an award, and "concludes" that its claim of fees, being reasonable and justified, has not been contradicted by defendant.

■ The starting point for calculation of a fee award is to "multiply [1] the number of hours reasonably expended by a [2] reasonable hourly rate." *Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir.1994) (citing *Hensley, infra* ). Although courts at one time were required to consider several factors enumerated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974), in calculating the award, the lodestar formula has displaced that method. *Loranger,* 10 F.3d at 781 n. 6.

■ According to prevailing jurisprudence, the "party seeking the award of attorney fees has the burden of submitting evidence supporting the hours worked and the rates claimed." *Webb v. Dyer County Bd. of Educ.,* 471 U.S. 234, 242, 105 S.Ct. 1923, 1928, 85 L.Ed.2d 233, 241 (1985) (internal quotation marks omitted). The time that is compensable is that "reasonably expended on the litigation." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). In deciding whether a fee applicant has satisfied its evidentiary burden with regard to the number of hours reasonably expended, the Eleventh Circuit has held that "contemporaneous time records are not indispensable where there is other reliable evidence to support a claim for attorney's fees." *Jean v. Nelson,* 863 F.2d 759, 772 (11th Cir.1988) (citing *Johnson v. University College,* 706 F.2d 1205, 1207 (11th Cir.), *cert. denied,* 464 U.S. 994, 104 S.Ct. 489, 78 L.Ed.2d 684 (1983)).

■ Defendants do not dispute plaintiff's status as a prevailing party, plaintiff's entitlement to a fee award, nor the reasonableness of the hourly rate that plaintiff's counsel charged. *The only issue is whether there is sufficient evidence to support the number of hours reasonably expended.* Presently before the court are affidavits by the attorneys who rendered plaintiff service during this litigation and affidavits from local attorneys to the effect that the number of hours and rates charged by counsel in this matter were reasonable. Also before the court are the "time records" of plaintiff's attorneys.

As mentioned, the court has given the fee applicants two opportunities to correct the ambiguity in the time records submitted by them. The court specifically instructed counsel that entries on the time sheets should describe "the services claim with sufficient detail to allow the court and the defendants to determine the connection between the services claimed and this action." Counsel have not satisfied this standard. For example, throughout the time record of L. Robert Lovett, lead counsel, the following entry may

be found: "RESEARCH APPLICABLE LAW—". And that is it. No attempt is made to specify the particular issue being researched or even the motion in relation to which the research was conducted. *See, e.g.,* entries on 1/30/92, 2/3/92, and 2/13/92; *see also* entry of 2/13/92 ("REVIEW INCOMING CORRES.—", with no further detail to identify origin or nature of correspondence reviewed). The court cannot be expected to proceed line-by-line through eleven pages of time sheets (just for lead counsel) to identify which hours were reasonable.

In the court's considered judgment, counsel's time records are wholly insufficient as an evidentiary basis upon which to determine the number of hours reasonably expended. The reliability of these time records is further undermined by the simply incredible number of hours counsel claims to have billed in a single day. On December 12, 1991, Mr. Lovett's time record indicates that he billed fifteen and three-tenths hours, and that on December 18, 1991, he billed fourteen and one-half hours. These superhuman hours were spent, respectively, mostly in deposition-related activity. The court would further note that the actual number of hours was not included as a figure on the time record, but rather had to be calculated by the court by dividing the dollar charge by the hourly rate in effect at the time.

These two additional factors—incredibly unbelievable number of hours billed and the lack of time measurement for each activity— add support to the court's refusal to accept the time records as valid evidence. The time sheets fail to assign a specific portion of time for each service rendered; the entries are so ambiguous, vague, and indefinite that the court cannot properly determine the reasonableness or necessity of the service. In many cases, the court is incapable of ascertaining whether the particular itemization relates to the matter *sub judice.*

In light of the foregoing, it is the order of the court that **A HEARING BE HELD AFTER THE FIRST OF THE YEAR ON THE ISSUE OF THE NUMBER OF HOURS REASONABLY NECESSARY FOR THE SUCCESSFUL PROSECUTION OF THIS CASE.** At the hearing, it

shall be plaintiff's burden, *see Webb, supra,* to prove to the court the number of hours reasonably necessitated by this action for each of its attorneys. The court will not accept as proof of those hours entries such as those above-identified, in which it is impossible to determine any connection to the matter *sub judice.*

If it has not been made clear before, let it be so now: the time sheet entries submitted by counsel are in many respects vague and ambiguous; the court will not proceed through these time sheets line-by-line determining which entries are sufficiently specific to make an award for; it is counsel's responsibility to provide the court with sufficiently specific descriptions of services rendered; plaintiff's counsel may accomplish that by cleaning up their time sheets, or in some other way that will allow the court to determine whether the time expended was reasonably necessary. Not only are these vague and ambiguous descriptions unfair to the court, they are also unfair to defendants, who must be given some idea of what to object to. Defendants would be also be wise to provide the court with a suggestion, perhaps by reference to the number of hours spent by their counsel. *See Geowaste of Georgia, Inc. v. Tanner,* 875 F.Supp. 830, 834 (M.D.Ga.1995) (award of fees in Commerce Clause litigation, wherein court found that defendant's "expenditure of hours … provide[d] a reasonable benchmark"). The court will not buy a pig in a poke. Awarding fees on the basis of evidence now before the court would be precisely that.

**SO ORDERED.**