**MOUNTAIN SOLUTIONS, INC., et al., Plaintiffs,**

v.

**STATE CORPORATION COMMISSION OF THE STATE OF KANSAS, et al., Defendants.**

**Civil Action No. 97–2116–GTV.**

United States District Court, D. Kansas.

Oct. 31, 1997.

Mark P. Johnson, Jan P. Helder, Jr., Lisa C. Creighton, Sonnenschein, Nath & Rosenthal, Kansas City, MO, for Mountain Solutions, Inc., Sprint Spectrum, L.P., Liberty Cellular, Inc., Mercury Cellular of Kansas, Inc., Western Wireless Corp., Dobson Cellular of Kansas/Missouri, Inc.

Marc E. Elkins, Morrison & Heckler L.L.P., Kansas City, MO, Mark P. Johnson, Sonnenschein, Nath & Rosenthal, Kansas City, MO, for Topeka Cellular Telephone Co., Inc., Airtouch Cellular of Kansas, Inc., CMT Partners.

Eva Powers, Stephen H. Kukta, Kansas Corp. Comission, for State Corp. Comission of Kansas/Missouri, Inc., State Corp. Commission of State of Kansas, National Exchange Carrier Association, Inc., Attorney General of State of Kansas, Commissioner of State Corp. Commission of State of Kansas, Timothy E. McKee, Commissioner of State Corp. Comission of State of Kansas, Susan M. Seltsam and Commissioner of State Corp. Comission of State of Kansas, John Wine.

Michael C. Cavell, William R. Drexel, Southwestern Bell Telephone Co., Topeka, KS, Michael D. Moeller, Shook, Hardy & Bacon L.L.P., Kansas City, MO, for Southwestern Bell Telephone Co.

James M. Caplinger, Mark E. Caplinger, James M. Caplinger, Jr., James M. Caplinger, Chtd., Topeka, KS, for Bluestem Telephone Co., Blue Valley Telephone Co., Craw-Kan Telephone Cooperative Inc., Elkhart Telephone Co., Inc., Golden Belt Telephone Association, Haviland Telephone Co., Inc., JBN Telephone Co., Inc., Kanokla Telephone, Laharpe Telephone Co., Inc., Madison Telephone Co., Inc., Mokan Dial Inc., Mutual Telephone Co., Peoples Mutual Telephone, Pioneer Telephone Association, Inc., Rainbow Telephone Cooperative Association, Inc., Rural Telephone Service Co., Inc., S&A Telephone Co., S&T Telephone Cooperative Association, Inc., Southern Kansas Telephone Co., Inc., Sunflower Telephone Co., Inc., United Telephone Association, Inc., Wheat State Telephone Inc.

Victor A. Davis, Jr., Weary, Davis Henry, Struebing & Troup, Junction City, KS, for Kansas Cable Telecommunications Association, Inc.

Joseph R. Colantuono, Wehrman & Colantuono, Overland Park, KS, for Kansas City SMSA Ltd., Partnership, Topeka SMSA Ltd., Partnership, Wichita SMSA Ltd., Partnership.

### *MEMORANDUM AND ORDER*

VAN BEBBER, Chief Judge.

This case is before the court on defendants' motion for partial summary judgment (Doc. 91) and plaintiffs' motion for leave to file a second amended complaint (Doc. 100). For the reasons set forth below, both motions are denied without prejudice.

### I. *Factual Background*

Plaintiffs originally brought this action seeking an injunction prohibiting defendants from requiring commercial mobile service providers to contribute to the Kansas Universal Service Fund. On May 23, 1997, the court issued a Memorandum and Order denying plaintiffs' request for preliminary injunctive relief. *See Mountain Solutions,*

*Inc. v. State Corp. Comm'n,* 966 F.Supp. 1043 (D.Kan.1997). In a footnote, the court stated that it also would deny plaintiffs' request for a permanent injunction as soon as defendants filed a motion for partial summary judgment on the issue. *Id.* at 1044–45 & n. 1. For reasons the court is unable to fathom, defendants' counsel contacted the court and indicated that no such motion would be forthcoming.

On June 13, 1997, nine of the plaintiffs filed an interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(1) challenging the court's denial of their preliminary injunction motion. Six days later, the three intervening plaintiffs in the case filed an identical interlocutory appeal.

■ On July 29, 1997, defendants filed the partial summary judgment motion now before the court requesting that plaintiffs' prayer for a permanent injunction be denied. The court believed initially that an intervening state court ruling may have mooted the dispute. Indeed, on August 8, 1997, the Kansas Court of Appeals vacated the Kansas Corporation Commission (KCC) Order mandating contributions to the Kansas Universal Service Fund. *See Citizens' Util. Ratepayer Bd. v. State Corp. Comm'n,* 943 P.2d 494 (Kan.Ct.App.1997). On October 1, 1997, however, the Kansas Supreme Court granted petitions for review in the case. Until the state supreme court issues an appropriate mandate, the KCC's Order remains in effect and the controversy before the court clings to life. *See* Kan. Sup.Ct. R. 8.03(i).

## II. Discussion

### A. Defendants' Motion for Partial Summary Judgment

■ In general, the filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 378, 105 S.Ct. 1327, 1330–31, 84 L.Ed.2d 274 (1985) (citing *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 401–02, 74 L.Ed.2d 225 (1982) (per curiam)). This rule, however, is subject to multiple caveats.[1] One exception, seemingly applicable here upon first blush, is that a district court retains authority to proceed with an action on the merits pending an interlocutory appeal of the grant or denial of a preliminary injunction. *See Colorado v. Idarado Mining Co.,* 916 F.2d 1486, 1490 & n. 2 (10th Cir.1990); *see also* 20 *Moore's Federal Practice* § 303.32[2][b][v] (1997). The primary policy rationale behind this exception is to prevent litigants from using interlocutory appeals as a vexatious dilatory tactic. *United States v. Rogers,* 788 F.2d 1472, 1475 (11th Cir.1986).

■ Citing this exception, defendants argue that plaintiffs' interlocutory appeal did not strip the court of its jurisdiction over defendants' motion for partial summary judgment.[2] A number of circuits have held that the grant or denial of a preliminary injunction has no effect on a district court's power to adjudicate a request for a permanent injunction. *See Moltan Co. v. Eagle–Picher Indus., Inc.,* 55 F.3d 1171, 1174–75 (6th Cir. 1995); *Railway Labor Executives' Ass'n v. City of Galveston,* 898 F.2d 481, 481 & n. 1 (5th Cir.1990); *State of Ala. v. United States Envtl. Protection Agency,* 871 F.2d 1548, 1553–54 (11th Cir.1989). Each of these cases is distinguishable from the instant action, however, because the merits upon which the district courts were empowered to proceed did not involve the same issues pending on appeal.[3]

1. The full panoply of jurisdictional powers that a district court maintains over a case pending on appeal is described in 20 *Moore's Federal Practice* § 303.32[2][b] (1997).

2. In retrospect, the thorny jurisdictional issue confronting the court could have been averted had the court consolidated the preliminary injunction hearing with a trial on the merits pursuant to Fed.R.Civ.P. 65(a)(2). Once plaintiffs appealed the court's Order, however, this option lost its viability.

3. In support of their proposition that the court maintains jurisdiction over the issues pending on appeal, defendants rely exclusively on *Sycuan Band of Mission Indians v. Roache,* 788 F.Supp. 1498, 1511 (S.D.Cal.1992), *aff'd,* 54 F.3d 535 (9th Cir.1994), *cert. denied,* ─── U.S. ───, 116 S.Ct. 297, 133 L.Ed.2d 203 (1995). In *Roache,* however, most of the disputed issues in the sum-

Most authorities agree that, with the exception of certain defective appeals, a district court must refrain from ruling on issues over which appellate review is imminent. 16 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3921.2 at 56 (2d ed.1997); 20 *Moore's Federal Practice* § 303.32[2][b][v] (1997). The Tenth Circuit has adopted this principle. *See International Paper Co. v. Whitson*, 595 F.2d 559, 561–62 (10th Cir. 1979) (filing of a notice of appeal divests the district court of jurisdiction over questions raised and decided in the appealed order).

In this case, the arguments that defendants raise in their partial summary judgment motion are identical to those the court addressed in denying plaintiffs a preliminary injunction. Furthermore, there are no factual disputes here; the controversy revolves entirely around the interpretation of two federal statutes. Under these circumstances, the court finds that it has no jurisdictional authority to entertain defendants' motion. No ruling on the merits, therefore, will be issued until the Tenth Circuit resolves plaintiffs' interlocutory appeal.

### B. Motion to Amend Pleadings

▮ In their motion for leave to file a second amended complaint, plaintiffs seek to: (1) incorporate factual allegations concerning the Kansas Court of Appeals' August 8, 1997 ruling in the *Citizens' Utility Ratepayer Board* case, and (2) request both injunctive and declaratory relief preventing the imposition of universal service funding requirements upon them until the KCC determines that they are "a substitute for land line telephone exchange service for a substantial portion of telecommunications within the State of Kansas."

▮ Fed.R.Civ.P. 15(a) provides that leave to amend shall be freely given when justice so requires. The Supreme Court has held that, although Rule 15(a)'s mandate must be heeded, *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), the decision whether to grant such leave is a

matter within the sound discretion of the district court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971). One factor often militating against the allowance of amendments is their possible futility. *Foman*, 371 U.S. at 182, 83 S.Ct. at 230.

▮ The court finds that plaintiffs should not be permitted to amend their complaint at this time. First, the Kansas Court of Appeals' decision in *Citizens' Utility Ratepayer Board* may be rendered moot by the Kansas Supreme Court's review of the case. Second, this court, in its Memorandum and Order denying plaintiffs' preliminary injunction, rejected the argument that commercial mobile service providers must be found to be a substitute for land line telephone exchange service before being subjected to universal service funding requirements. *Mountain Solutions*, 966 F.Supp. at 1047–48. In the event the Tenth Circuit rules in plaintiffs' favor on their interlocutory appeal, the court will authorize them to amend their complaint. The resources of the court and parties, however, will be expended far more efficiently if amendments are excluded until the Kansas Supreme Court and the Tenth Circuit have resolved the issues now on appeal.

IT IS, THEREFORE, BY THE COURT ORDERED that defendants' motion for partial summary judgment (Doc. 91) is denied without prejudice.

IT IS FURTHER ORDERED that plaintiffs' motion for leave to file a second amended complaint (Doc. 100) is denied without prejudice.

**IT IS SO ORDERED.**

---

mary judgment motion were peripheral to the matters on appeal. Moreover, to the extent the district court agreed to entertain matters pending

before the Ninth Circuit, this court declines to follow the *Roache* holding.