# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
HITESMAN, GASTON, McCONNELL
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Dantre A. STROBRIDGE**
Corporal (E-4), U.S. Marine Corps
Appellant

**No. 201800284**

Decided: 13 December 2019

Appeal from the United States Navy-Marine Corps Trial Judiciary. Military Judge: Lieutenant Colonel Leon J. Francis, USMC. Sentence adjudged 1 June 2018 by a general court-martial convened at Marine Corps Base Hawaii, consisting of a military judge sitting alone. Sentence approved by the convening authority: reduction to E-1, confinement for 18 months,[1] and a bad-conduct discharge.

For Appellant: Captain Jeremiah J. Sullivan, III, JAGC, USN.

For Appellee: Lieutenant Timothy C. Ceder, JAGC, USN; Lieutenant Kurt W. Siegal, JAGC, USN.

_____

[1] The convening authority suspended confinement in excess of nine months pursuant to a pretrial agreement.

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

_____

McCONNELL, Judge:

Appellant was convicted, consistent with his pleas, of conspiracy, dereliction of duty, larceny, forgery, and money laundering, in violation of Articles 81, 92, 121, 123, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 892, 921, 923, 934 (2012).

This Court specified four issues:

I. *Did the military judge err in accepting Appellant's plea to Specification 2 of Charge II (conspiracy to commit money laundering on divers occasions, in violation of 18 U.S.C. § 1956) by failing to elicit facts that Appellant conspired to act with the intent to promote the carrying on of any act or activity constituting an offense listed in 18 U.S.C. § 1961(1)?*

II. *Did the military judge err in accepting Appellant's plea to Specification 2 of Charge II (conspiracy to commit money laundering on divers occasions, in violation of 18 U.S.C. § 1956) when Appellant admitted he entered into a single agreement with Sergeant Noel?*

III. *Did the military judge err in failing to consolidate the two specifications of Charge II (conspiracy) when Appellant admitted he entered into a single agreement with Sergeant Noel to commit several offenses?*

IV. *Did the military judge err in accepting Appellant's plea to money laundering, in violation of 18 U.S.C. § 1956, by failing to elicit facts that Appellant acted with the intent to promote the carrying on of any act or activity constituting an offense listed in section 18 U.S.C. § 1961(1)?*

Appellant now requests sentence reassessment. We find merit in specified issues II and III and take action in our decretal paragraph. As explained below, we have considered specified issues I and IV and find Appellant's claims related thereto to be without merit.

## I. BACKGROUND

As outlined in the stipulation of fact used during the military judge's providence inquiry, the misconduct giving rise to all of the charges arose between 13 and 25

January 2018. Appellant conspired with Sergeant Dominique L. Noel, USMC, to steal money of a value of more than $500 by redeeming fraudulently marked postal money orders that were stolen from the Camp Smith post office. The conspiracy began over a discussion about "how Sergeant Noel had found a way to help" Appellant with his debts. Sergeant Noel and Appellant agreed to meet at the Camp Smith post office in order to talk about Sergeant Noel's plan. Appellant was the custodian of the keys to the Camp Smith post office. The two conspirators went into the Camp Smith post office where Sergeant Noel reviewed the post office's stock of cash and stamps. Sergeant Noel then explained to Appellant his plan to use money orders to get more money than what they paid for them. While together in the post office, Sergeant Noel opened and inspected the money orders. The money order equipment was then manipulated by the conspirators and used to stamp the money orders. The money orders include three pages and must be stamped such that the dollar value is reflected on all three pages. Sergeant Noel peeled the first page back—the one that is to be redeemed for cash—and stamped the other two pages with a value of between $10.00 and $25.00. This reflected the proper purchase price for the money order. Then Sergeant Noel put the first page of the money order onto the stamp machine and stamped the money orders for a redemption value of $500.00 to $700.00. After the money orders were completed, Appellant took his money orders and redeemed them at the Navy Federal Credit Union. Similarly, Sergeant Noel took his money orders and redeemed them at the Bank of Hawaii. That is, the conspirators each presented a portion of the fraudulently stamped money orders for redemption at their respective banking institutions and deposited the proceeds into their respective bank accounts.

Specification 1 of Charge II charged Appellant with conspiring with "Sergeant Dominque L. Noel, U.S. Marine Corps, to commit . . . larceny of United States currency of a value of more than $500 from the Bank of Hawaii and Navy Federal Credit Union . . . ."

Specification 2 of Charge II alleged that Appellant did, "on divers occasions, . . . conspire with Sergeant Dominque L. Noel, U.S. Marine Corps, to commit an offense under Title 18 United States Code, Section 1956, a crime or offense not capital, to wit: laundering of monetary instruments . . . ."

Specification 1 of Charge VI alleged that Appellant "did (1) have knowledge that the property involved in a financial transaction represented the proceeds of some form of unlawful activity; (2) conduct such a financial transaction which in fact involved the proceeds of a specified unlawful activity; and (3) with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18 United States Code, Section 1956, a crime or offense not capital."

## II. DISCUSSION

We review a military judge's decision to accept a guilty plea for abuse of discretion. *United States v. Simmons*, 63 M.J. 89, 92 (C.A.A.F. 2006). Guilty pleas will not be set aside on appeal unless there is "a substantial basis in law and fact for questioning [such pleas]." *United States v. Phillippe*, 63 M.J. 307, 309 (C.A.A.F. 2006) (quoting *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996)). "A military judge abuses his discretion if he fails to obtain from the accused an adequate factual basis to support the plea—an area in which we afford significant deference." *United States v. Caldwell*, 72 M.J. 137, 144 (C.A.A.F. 2013) (quoting *United States v. Inabinette*, 62 M.J. 320, 322 (C.A.A.F. 2008)).

A military judge may not accept a guilty plea unless he determines there is a sufficient factual basis for every element of the offenses to which the accused pled guilty. *Simmons*, 63 M.J. at 92. *See also* RULE FOR COURTS-MARTIAL 910(e), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.) and its Discussion. The required factual predicate may be established through inquiry of the accused or through stipulations of fact entered into by the accused and the government. *United States v. Goodman*, 70 M.J. 396, 399 (C.A.A.F. 2011). A providence inquiry into a guilty plea must establish that the accused believes and admits he is guilty of the offense and the factual circumstances admitted by the accused objectively support the guilty plea. *United States v. Garcia*, 44 M.J. 496, 497-98 (C.A.A.F. 1996). "[M]ere conclusions of law recited by an accused . . . are insufficient to provide a factual basis for a guilty plea." *United States v. Jordan*, 57 M.J. 236, 239 (C.A.A.F. 2002) (quoting *United States v. Outhier*, 45 M.J. 326, 331 (C.A.A.F. 1996)). However, we must remain "cognizant that in guilty-plea cases the quantum of proof is less than that required at a contested trial." *United States v. Pinero*, 60 M.J. 31, 33 (C.A.A.F. 2004).

### A. Specified Issues I and IV

Money laundering is criminalized by 18 U.S.C. § 1956. Although the statute lays out several different types of prohibited actions, the wording of the money laundering specification at issue here effectively alleged a violation of 18 U.S.C. § 1956(a)(1)(A)(i). Based on the evidence elicited during the military judge's providence inquiry, the conspiracy to commit money laundering in Specification 2 of Charge II relies on the same underlying offense as the substantive money laundering offense charged in Specification 1 of Charge VI. Moreover, specified issues I and IV focus on the same element—namely, whether there is a factual basis to conclude that Appellant acted with "the intent to promote the carrying on of a specified unlawful activity" listed in 18 U.S.C. § 1961(1).

The term "with the intent to promote the carrying on of a specified unlawful activity" means that the money laundering was for the purpose of promoting—that is, to make easier, facilitate, or to help bring about—the carrying on of one of the crimes listed in Section 1961(1). It may be that the crime to be carried on is one that

will be committed in the future, or one that has already been committed, or one that is still underway or ongoing that Appellant intended to continue or complete. *See United States v. Jackson*, 935 F.2d 832 (7th Cir. 1991) (buying beeper for use in drug business is transaction with intent to promote); *see also United States v. Rogers*, 788 F.2d 1472, 1476 (11th Cir. 1986) ("promoting" and "facilitating the promotion" of unlawful activity is satisfied by proof that the defendant's action made the unlawful activity easy or less difficult); *accord United States v. Jenkins*, 943 F.2d 167 (2d Cir. 1991). It is not necessary to show that Appellant intended to commit the additional crime himself (although in this case Appellant did). The government need only show that in conducting the financial transaction, Appellant intended to make the unlawful activity easier or less difficult for someone to commit. *United States v. Corona*, 885 F.2d 766, 773 (11th Cir. 1989). The facts elicited during the entire providence inquiry, along with the stipulation of fact, are sufficient to meet this element for both Specification 2 of Charge II and Specification 1 of Charge VI.

During the providence inquiry, the military judge marked as Appellate Exhibit V, the U.S. Code sections to which he referred Appellant during their discussion. On pages 10-11, the exhibit includes that portion of Section 1961(1) that lists the "specified unlawful activities." Nevertheless, during their initial discussion of Specification 2 of Charge II, the military judge did not specify which of the well-over-50 various unlawful activities, the Government alleged Appellant sought to promote by his conspiracy to commit money laundering. The military judge did not ask Appellant at that time—and Appellant did not offer—that information. The stipulation of fact is similarly silent on the point. However, during their discussion of the substantive money laundering offense in Specification 1 of Charge VI, Appellant agreed with the military judge that they both involved "the exact same scheme." Thereafter, Appellant told the military judge that the offense he was intending to promote was larceny and forgery. The military judge clarified—and Appellant agreed—that it was, specifically, financial institution fraud, one of the specified unlawful activities listed in Section 1961(1).

Considering the record as a whole to include Appellant's confirmatory answers, we are convinced that the military judge did not abuse his discretion in accepting Appellant's guilty pleas. However, while Appellant's pleas were otherwise provident, as the Government concedes and we agree, Specified Issues II and III reveal prejudicial error that must be remedied.

## B. Specified Issue II

The Government concedes, and we agree, that the words "on divers occasions" should be stricken from Specification 2 of Charge II since there was only one conspiracy to commit money laundering. The following is reflected in the record:

> MJ:  Now, you have pled guilty to entering into a conspiracy on divers occasions, so that means it was more than one conspiracy. Was it more than one conspiracy or was it just one agreement

> and you continued to carry out the agreement on numerous oc-
> casions?
>
> ACC:   It was just one agreement, Your Honor.

A court of criminal appeals can "affirm a conviction for a single act after deter-
mining that the evidence is factually insufficient to support the 'on divers occasions'
general verdict returned by the factfinder at trial." *United States v. Rodriguez*, 66
M.J. 201, 203 (C.A.A.F. 2008). According, we find there was one single conspiracy
that continued over time and thus the words "on divers occasions" should be strick-
en.

## C. Specified Issue III

The Government concedes, and we agree, that the two specifications of Charge
II, conspiracy to commit larceny and conspiracy to commit money laundering, should
be consolidated. A single agreement to commit multiple offenses ordinarily consti-
tutes a single conspiracy. *United States v. Pereira*, 53 M.J. 183, 184 (C.A.A.F. 2000).
In *Pereira*, the Court of Appeals for the Armed Forces found one agreement to com-
mit murder, robbery, and kidnapping and consolidated three specifications alleging
conspiracy to commit these offenses. *Id*. *See also Braverman v. United States*, 317
U.S. 49 (1942). In *Braverman*, the Supreme Court explained that "whether the ob-
ject of a single agreement is to commit one or many crimes, it is in either case that
agreement which constitutes the conspiracy which the statute punishes. The one
agreement cannot be taken to be several agreements and hence several conspira-
cies." *Braverman*, 317 U.S. at 52-53.

Therefore, the two specifications under Charge II must be consolidated into a
single specification. We take such action in our decretal paragraph below.

## D. Sentence Reassessment

The errors described above do not necessarily require that we order a rehearing
on sentence. If we can determine to our satisfaction that "absent any error, the sen-
tence adjudged would have been of at least a certain severity, then a sentence of that
severity or less will be free of the prejudicial effects of error" and we may reassess
the sentence accordingly. *United States v. Moffeit*, 63 M.J. 40, 41 (C.A.A.F. 2006)
(quoting *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986)). However, "[i]f the
error at trial was of a constitutional magnitude, then we must be satisfied beyond a
reasonable doubt that the reassessment cured the error. *Moffeit*, 63 M.J. at 41 (quot-
ing *United Stats v. Doss*, 57 M.J. 182, 185 (C.A.A.F. 2002)).

Having applied this analysis during our careful consideration of the entire rec-
ord, we are satisfied beyond a reasonable doubt that, even if the specifications under
Charge II had been consolidated and the words "on divers occasions" deleted, the
military judge would have adjudged a sentence consisting of no less than reduction
to E-1, confinement for 15 months, and a bad-conduct discharge. We are likewise

convinced the convening authority's action would have remained the same. Deletion of the words "on divers occasions" and the consolidation of the two specifications under Charge II into a single specification does not change the underlying facts and circumstances submitted to and properly considered by the military judge at trial. Further, we find this reassessed sentence appropriate for Appellant and his crimes. Article 66(c), UCMJ, 10 U.S.C. § 866(c).

## III. CONCLUSION

The finding of guilty as to Specification 1 of Charge II is modified to except the words "on divers occasions" and is further modified by consolidating the specifications under Charge II into a single specification alleging conspiracy to commit more than one crime. The finding of guilty as to Specification 2 of Charge II is dismissed with prejudice. The findings, as modified, and the sentence, as reassessed, are correct in law and fact and no error prejudicial to the Appellant's substantial rights occurred. Article 66(c), UCMJ; *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000). Accordingly, the findings, as modified, and the sentence, as reassessed, are **AFFIRMED**.

Senior Judge HITESMAN and Judge GASTON concur.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court