[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14644
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 21, 2012
JOHN LEY
CLERK

D.C. Docket No. 8:02-cr-00329-EAK-EAJ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOAQUIN MARIO VALENCIA-TRUJILLO,
a.k.a. El Joven,
a.k.a. El Abogado,
a.k.a. Oscar Martinez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 21, 2012)

Before CARNES, BARKETT, and ANDERSON, Circuit Judges.

PER CURIAM:

Joaquin Valencia-Trujillo, proceeding pro se, appeals the district court's denial of his motion to compel the production of grand jury transcripts under Federal Rule of Criminal Procedure 6(e). He seeks the grand jury materials in order to "prepare and submit" a 28 U.S.C. § 2255 motion, a Bivens action,[1] and a challenge to his classification by the United States Treasury Department's Office of Foreign Assets Control as a Specially Designated Narcotics Trafficker. He asserts that at his trial evidence was presented that conflicts with the 139-page pretrial extradition affidavit of an FBI agent, and he speculates that any allegedly false or perjured testimony in the affidavit must have also been presented to the grand jury that indicted him.[2] He contends that the district court abused its discretion by

(1) denying him leave to file a reply to the government's response to his motion;

(2) incorporating the government's response by reference into its order; and

(3) denying his motion.

---

[1] "A 'Bivens action' provides an action for damages to vindicate a constitutional right when a federal government official has violated such a right." Rauschenberg v. Williamson, 785 F.2d 985, 987 (11th Cir. 1986).

[2] After a jury trial, Valencia-Trujillo was convicted of money laundering and drug crimes. See United States v. Valencia-Trujillo, 573 F.3d 1171, 1173 (11th Cir. 2009). He was sentenced to 480 months imprisonment and ordered to forfeit $110 million. Id. His convictions were upheld on appeal. Id. at 1185.

I.

Valencia-Trujillo first contends that the district court abused its discretion by refusing his request for leave to file a reply to the government's response to his motion. He asserts that his proposed reply contained new and material issues of law and fact, including the "defense of waiver and procedural default," and that it did not duplicate anything he had filed before. He argues that the district court abused its discretion because it provided no reasoning for its decision.

The district court's decision to deny Valencia-Trujillo's request to file a reply was in accordance with the local rules for the Middle District of Florida. Those rules prohibit parties in motions practice from filing reply pleadings. M.D. Fla. Rule 3.01(c). A party may ask the district court for leave to file a reply, but when filed, that request cannot include the proposed reply. M.D. Fla. Rule 3.01(d).

Valencia-Trujillo's request for leave to file a reply included his proposed reply and thus failed to comply with Rule 3.01(d). Pro se litigants are not automatically excused from compliance with procedural rules. See, e.g., Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011) ("While we must construe the pleadings of pro se defendants liberally, we nevertheless have required them to conform to procedural rules.") (quotation marks omitted). In light of Valencia-Trujillo's failure to comply with that local rule and the "great deference" we accord

3

to the district court's interpretation of its local rules, <u>Mann ex rel. Fairbanks v. Taser Int'l, Inc.</u>, 588 F.3d 1291, 1302 (11th Cir. 2009), we conclude that the district court did not abuse its discretion by denying Valencia-Trujillo leave to file a reply.[3]

## II.

Valencia-Trujillo also contends that, in denying his motion to compel the production of grand jury transcripts, the district court abused its discretion by adopting the government's argument instead of separately detailing its own reasoning. The district court explained its decision to deny Valencia-Trujillo's motion by stating that it "agree[d] with the opposition to the motion," and it incorporated the government's opposition into its order.

District court orders "should contain sufficient explanations of their rulings so as to provide this Court with an opportunity to engage in meaningful appellate review." <u>Danley v. Allen</u>, 480 F.3d 1090, 1091 (11th Cir. 2007). That principle, however, does not prohibit a district court from incorporating a party's arguments

---

[3]In any event, even if Valencia-Trujillo's proposed reply were considered, it fails to advance his position on the merits. Its primary contention is that the government did not address certain points Valencia-Trujillo made in his request for the grand jury transcripts. Regardless of whether the government addressed every point he made, under Rule 6(e) Valencia-Trujillo still bears the burden of showing that he is entitled to the release of the transcripts. <u>Douglas Oil Co. of Cal. v. Petrol Stops Nw.</u>, 441 U.S. 211, 223, 99 S.Ct. 1667, 1675 (1979) ("[D]isclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy, and . . . the burden of demonstrating this balance rests upon the private party seeking disclosure."). He neither carries nor unloads that burden by arguing that the government did not fully address his arguments.

as the basis and explanation for its ruling. Valencia-Trujillo's motion and the government's response, as well as the exhibits and attachments submitted to the district court, provide a sufficient basis for our review of the merits in this case.

## III.

Finally, Valencia-Trujillo contends on the merits that the district court abused its discretion by denying his motion to compel the production of grand jury transcripts. "The party seeking disclosure of grand jury material must show a compelling and particularized need for disclosure." United States v. Aisenberg, 358 F.3d 1327, 1348 (11th Cir. 2004). The district court has "substantial discretion" in determining whether to compel that disclosure. Id. at 1349.

Grand jury proceedings are traditionally kept secret. See id. at 1346. The Supreme Court has explained the foundation for that tradition of secrecy:

> In Douglas Oil, the Supreme Court summarized the reasons for, and interests served by, grand jury secrecy as follows: (1) if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony; (2) witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements; (3) there would be the risk that those about to be indicted would flee; (4) there would be the risk that those about to be indicted would try to influence individual grand jurors to vote against indictment; and (5) by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.

5

Id. at 1346 (quoting Douglas Oil Co. of Cal. v. Petrol Stops Nw., 441 U.S. 211, 219, 99 S.Ct. 1667, 1673 (1979) (alterations and quotation marks omitted))). As that summary shows, "the interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities." Douglas Oil Co., 441 U.S. at 222, 99 S.Ct. at 1674. "[I]n considering the effects of disclosure on grand jury proceedings," we must consider "the possible effect upon the functioning of future grand juries." Id., 99 S.Ct. at 1674.

Federal Rule of Criminal Procedure 6(e)(2) generally requires grand jury secrecy except in the limited circumstances specified by Rule 6(e)(3).[4] In the present case the only potentially applicable Rule 6(e)(3) exceptions permit disclosure of "a grand-jury matter" if the information is sought "preliminarily to or in connection with a judicial proceeding," Fed. R. Crim. P. 6(e)(3)(E)(i), or if it is sought "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury," Fed. R. Crim. P. 6(e)(3)(E)(ii). The Supreme Court has held that the "preliminarily to . . . a judicial proceeding" exception "contemplates only uses related fairly directly to

---

[4]Beyond the exceptions specified in Rule(e)(3), a district court's "inherent disclosure authority is exceedingly narrow and exists only in exceptional circumstances." Aisenberg, 358 F.3d at 1347. Exceptional circumstances do not call for the exercise of inherent disclosure authority in this case.

6

some identifiable litigation, pending or anticipated." United States v. Baggot, 463 U.S. 476, 480, 103 S.Ct. 3164, 3167 (1983). For a request to be "in connection with" a judicial proceeding, the proceeding must already be pending. Id. at 479, 103 S.Ct. at 3166.

Rule 6(e) exceptions apply only when a party seeking disclosure of grand jury material shows a "particularized need" for it. See Douglas Oil Co. of Cal. v. Petrol Stops Nw., 441 U.S. 211, 222, 99 S.Ct. 1667, 1674 (1979). A party seeking disclosure must show: (1) the material sought is needed to avoid possible injustice in another judicial proceeding; (2) the need for disclosure is greater than the need for continued secrecy; and (3) the request is designed to cover only necessary material. Id., 99 S.Ct. at 1674. That showing is required even after the grand jury deliberations have concluded. Id., 99 S.Ct. at 1674.

We have explained that to establish a particularized need for disclosure a party must show that certain difficulties peculiar to his case could be alleviated by access to specific grand jury materials and that the disclosure will not do disproportionate harm to the salutary purpose of secrecy embodied in the grand jury process. Aisenberg, 358 F.3d at 1348–49. General or unsubstantiated allegations do not satisfy the "particularized need" requirement. United States v. Cole, 755 F.2d 748, 758–59 (11th Cir. 1985); see also United Kingdom v. United

7

States, 238 F.3d 1312, 1321 (11th Cir. 2001). "No grand jury testimony is to be released for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information." United States ex rel Stone v. Rockwell Int'l Corp., 173 F.3d 757, 760 (10th Cir. 1999).

Valencia-Trujillo failed to demonstrate a "particularized need" for the grand jury materials. His allegations of perjury and government misconduct rest solely on his own speculative inferences that were discredited by the evidence presented at his trial and the jury's guilty verdict. See generally Valencia-Trujillo, 573 F.3d 1171. Valencia-Trujillo seeks the disclosure of grand jury materials in the hope of finding testimony to support his unsupported allegations, which is precisely the kind of fishing expedition that cannot justify disclosure. The district court did not abuse its discretion by denying his motion to compel the transcripts.

**AFFIRMED.**